Chief Justice Rodertson,
delivered the opinion of the court.
‘ The appellants (nine in number) have assigned various errors in a judgment obtained against them, for $100, by the appellee, in a joint action of assault and battery, instituted against them and fqu£. others.
Two of the appellants pleaded justification severally, Some of them pleaded not guilty, jointly, and, some not guilty, severally. Several counsel were engaged in the defence, some of them representing several of the defendants to the action jointly, and some appearing for other defendants severally, and alone.
The same jury tried the whole case at the same time. The persons who pleaded justification, insisted on opening and concluding the argument on their issues; but the circuit court considering the trial as .an; unit, gave the right of opening and concluding, to the counsel for the appellee. Those who had filed separate pleas, insisted on the right of separate challenges, which was denied by the court.
Jacob Sodousky, who had filed a separate plea of not'guilty, expressed a wish to be heard before the jury. *268 by bis counsel; but he was not allowed to be thus he an}, because’“there were two'other attoiriies permitted to argue the cause before the jury, who were employed by his co-defendants, but who were not employed by (him) said Jacob.”
In action of riesauU and' battery against several, that which tends to evince the quo animo with which the attack-«pon plaintiff, was made, is legal evidence
Separate verdicts in joint trespass against several defendants, plaintiff can have but one judgment - - against all, and must elect de meli-otibusdaimnis otherwise, if trespassbenot dant ha3 p¡r„ petrated a ' distinct part,
*268 The court refused to instruct the jury, that they might find several damages; but instructed them, that they should find a joint verdict against all whom they might ascertain to be guilty.
Evidence of a former affray between some of the appellants, and the brother off the appellee, was permitted to be given to the jury, but they-were instructed to disregard it, except so far as it might tend to show a combination by the appellants against the appellee-One of the appellants says that he was an infant when he filed his plea; and he appeared by his attorney, not by a guardian ad litem.
This .statement furnishes the basis of all the objections ''to 'the jüdgment of the circuit court, 'which we shall deem it-proper to consider.
The infancy should not have been available. The only evidence of the fact, was the affidavit of the party himself, dnd that of another, and they show that he. was riot an irifant ‘on. the day of the trial.
The evidence of a former affray was admissible with the qualification of the instruction by the court, as to' its allowable object; any thing which might tend to show a combination among the appellants, to beat the appellee, or to evince the motives with which the attack was made on him, was, when restricted to that purpose, legitimate evidence.
The jury ought to have found, as they did, a joint verdict against all whom they believed to be guilty of the entire trespass; although there is some slight diversity on this subject in the British authorities, it is now too i well' settled to be quésüoned, that there can be but one judgment for damages, in an action for a tort against several, all of whom are found guilty of the same trespass. If the jury assess several damages in proportion to the degrees of guilt, or of agency in the trespass^ ,-,the plaintiff is not entitled to several judgments, but must elect de meliorilus damnis,” and must take a joint *269 judgment for them, against all who are found guilty. ■They are all contributory to the judgment. If all are not tried at the same time, the plaintiff cannot judgment and execution and verdict against some, ■while his suit is pending against others, but insist either enter a nolle prosequi against them or await their trial, and then elect what verdict he will take. The suit must be joint, or there cannot be more than one suit, because a joint trespass by several is but one wrong, for which there can be but one satisfaction. It is immaterial to co-defendants, whether the jury find a joint verdict against them, or a several verdict against each; because the effect'will be the same; the judgment the same. If the verdict be against each individually, the judgment must be against all collectively, for the highest damages assessed against any one, or for the damages which shall be selected by the plaintiff, which will generally be the highest, he can get. But if the trespass be not entire, and one defendant be guilty of part of it, and another be not guilty of that, but be guilty of another part, then the jury not only may, but should find several damages. For it would be unjust and illegal to render a judgment against a party for an act, of which he was shown to be innocent; and in such case, the plaintiff might have several judgments, because the injuries would be several. But such cases occur but sel-' dom. This is not one of them. Here there was but one trespass; it is indivisible; all who contributed to it, although in different degrees, are principals, and are guilty of the entire trespass; and therefore, it was proper to find a joint verdict, because it was necessary that the judgment should be joint.
Where there has been but' one trespass, the defendn’ts tho’ they v plead severally, constitute’ but one party, and are enti--' tied to only three peremptory challenges '
Authorities are so numerous and accessible on this subject, that it is deemed needless to' encumber this ppinion by citations.
As the process had been executed on all, it was proper that they should all be tried by the same jury. And whether they pleaded jointly or severally, they all constituted but one party; and therefore, the whole of them had a right to: only three peremptory challenges. In criminal cases, if several persons be tried on a joint indictment by the same jury, each has a separate and independent right to his challenges, whether peremp-toryorfor cause; because, although the trial is joint *270 in form, it is, in substance and effect, several. The verdict must be several. Each must be punished according to his own guilt, and not according to that of another; and the punisbrneht is individual and several, nót joints There can be no contribution; no substitution. Hence, to avoid the inconveniences which would result from separate challenges in the same trial, it is the practice of courts of criminal jurisdiction, to order separate trials, unless the parties jointly indicted, will waive their right to separate' challenges.
Bight of peremptory challenge in civil cases is statutory.
But none of these reasons apply to a joint trial in a suit for trespass, or in any other trial in which the par-fies áre responsible “civiliter,” and all who shall be found guilty, are contributory.
Besides, the right of peremptory challenge in civil cases is statutory; and the statute is, we think, decisive. By the first section of an act of 1806 (II Dig. 691,)' it is 'declared, that “each party litigant shall have the right of peremptory challenge to one fourth of the jury summoned.” • The parties litigant, mean the antagonist'sides of the controversy. If there be a plurality bf plaintiffs, they are all only one party litigant. So a plurality of defendants constitute one, and but one party to the suit. The party plaintiff, can challenge peremptorily, no more than three jurors. Why should the party defending, be allowed a greater latitude? Should not the right be reciprocal? Independently of the statute, the confusion, inconvenience, and injustice that would result from allowing separate challenges in such cases, would be sufficient to show, that they ought not to be indulged, if there were no other objections to their allowance.
Unless a juror be accepted by all the defendants, he is challenged; because, as all constitute but one party litigant, that party does not take a juror, if any member of it dissent.
The circuit court did not err, in not permitting Jacob Sadousky to be heard by his counsel. It does not appear, that any oilier counsel who was heard, represented him; nor that his counsel who represented others also, was heard in behalf of those others; if he had been, there could be no ground for complaint, because he was not entitled to more than one speech, merely because he appeared for several defendants.
Every person ral to t,0 heard in his ?lvnsc?fus® ' t¿rney.°
. Every person has a legal, as well as a natural right to be heard in his own cause; and no rule of practice can deprive him of that right, if,, at a proper time, and in a proper manner, he proposes to exercise it. It is a rule of practice in the courts of this .state, to permit two, and only two counsel to speak on each side in civil cases. This is sufficiently liberal. The number might might be reduced to one, and there could.be no just complaint; all that a party can demand, is, that he shall be heard by himself, or by his counsel. He cannot claim the right to be heard by a multitude of counsel, or by more than one representative. And if there be a plurality of co-plaintiiTs, as their right or cause of action is joint, and they voluntarily unite in bringing suit, they must be considered as one person, and cannot therefore, individually, demand as a matter of right to be heard by more than one counsel. But a plaintiff may sue whom he wills to sue. lie may bring a joint suit against several, against some of whom he has no cause of action. They have not voluntarily united themselves in tch action. They may be alien and hostile to each other; their interests may be diverse and repugnant to each other; some may combine to escape, and to throw ihe burthen on the others. Some may therefore, employ counsel in whom others have no confidence, and therefore will not employ, and who may be paid to oppose the rights of those others. Suppose three defendants in an action of trespass employ, severally, three counsel; each defendant being hostile to the defence of his co-defendants, and the counsel of each being, of course, opposed to the right of those, on whom lie was employed to endeavor to throw the burthen of the action. After two of the defendants had been heard by their counsel, should the other be disfranchised and compelled to be “dumb” “like the sheep before the shearers?” Surely he would have a dear and undeniable right to be heard. The court has no right in such a case, to restrict the number of counsel to two. • The parlies might consent, that some two of their several counsel, should alone argue the cause for all; and should perhaps be admonished' to do so, if it appear to be reasonable and just. But when their separate rights exist, they cannot be com»’ polled to wmive, or to consolidate them. If two of the three should jointly employ two or more counsel, then the court might prevent any difficulty or confusion *272 by refusing (as it should do) to permit more than one of the joint counsel to speak. ,Nor would we admit, that if the court should clearly perceive, that several counsel had been separately employed by several defendants in a joint action, merely for purposes of unjust advantage^ when in fact, the counsel of one, is substantially the counsel of all, and,w;hen he argues for all, there would be no power to compel them to consolidate the arguments, and to select for themselves, and among themselves some two cousel to argue the entire cause jn the defence. The court should possess the right to prevent any abuse, by litigants, of their rights in court? or any perversion of them to vexatious or unjust ends..
Where it appears that one defendant has not been represented or defended by the counsel of his co-defend-jints, he has a right to be heard by his counsel, ori’ir propria persona.
But where it can be satisfactorily shown, that one of several-joint defendants, is not identified in the defence with bis codefendants, and not only has disagreed with' them in the employment óf counsel, but has not been aided or represented by their associated efforts, and in good faith desires tq appear in his own defence by Ais counsel,, or “in propria^persona,” the court has no rightful power to silence him.
Suppose four persons be sued on a bond;, the bond is genuine as to one as principal, and two others as his sureties, but is not the deed of the fourth. The two sureties, knowing that the principal is insolvent, combine to defeat the plea of the fourth, for the purpose of thereby diminishing their responsibility. Each defendant employs separate counsel. The defendant.who never executed the bond, has no confidence in the counsel employed by his co-defendants. He knows that, they are engagéd to endeavor to throw a part of the burthen on him. He pleads non est factum; the others,' to .disguise their real object, plead payment. Two-of their counsel are heard before the jury; they do not defend the fourth defendant, but argue against him; has he no right to be heard? His right.is indisputable." Suppose a suit against a plurality of defendants, they employ no counsel, but each appeal’s for himself. Has pot each of them a right to be heard in his own de-fence?, Neither of them represents or is authorized to, Represent another. Their separate rights could not be denied.’
Right to appear and defend is a pern* nal right; to challenge in a civil case, is a parly right.
Bare fact, that one defendant has employed other counsel than those employed by his co-defts. will not, of its self, entitle him to be heard, after two speeches have been made in thé defence.
The right to appear and defend by testimony and argument, is a personal right; the right to challenge in a civil case is made a party right.
But while the general right is acknowledged, courts should be careful, lest it may be abused, and perverted to purposes of vexation, inconvenience and injustice. Before a defendant, can insist on such a right, he should be prepared to show very clearly, that he is justly entitled to the enjoyment of it.
The bare fact, that he has employed other coúnsel than those who were employed by his co-defendants, would not, of itself, entitle him to be heard, after two speeches had been made in the defence.
If the interests of .the defendants seem to be in unison ; if the argument for one includes or benefits the others; and if they all appear to act in concert, the court might refuse to permit more than two of the counsel to be heard'; and leave it to the defendants to make the selection.
It is not shown that the circuit judge abused his discretion, or did injustice to Jacob Sodousky in this case. His guilt is so manifest, that if a jury had acquitted him, this ’ court would be bound to grant a new trial. His counsel, in defending him alone, could not have ultimately benefitted him, because the jury must-have found him guilty, and therefore, he would have been contributory to the joint verdict. And as hé was not the principal actor, no argument for him alone could according to the facts exhibited in the record, have diminished the guilt of the principal, or reduced the verdict. The guilt of the chief actor would have been the standard of the finding against all who were found guilty. Therefore, Jacob Sodousky was not concerned to persuade the jury, tha this guilt was slight in a comparative degree, but his only reasonable purpose was to convince them of his entire innocence. Wherefore, it does not appear, that he was prejudiced by the decision of the court.
Besides, there is much reason for believing, that the employment of several counsel was, in this case, a pre-tence designed merely for vexation and unjust advantage. This the circuit judge must have perceived from all the circumstances characterizing the defence*. *274 Judging from the record, we are sure, that he might have apprehended contrivance. Jacob Sodousky did not show, as he ought to have done, that he had a reasonable claim to be heard separately. Under all the •circumstances, therefore, we are unable to ascertain that the circuit judge erred, or transcended the limits of .a sound and enlightened discretion; or that Jacob Sodousky has any just cause for complaint.
One of several def’ts who pleads affirmatively, has the same rights that the affirmative of a singlo issue gives a sole defendant and is entitled to open and conclude.
As to the right of opening and concluding the argument, but little need be said. It may be admitted, as a general rule, that one of several defendants, who pleads affirmatively, (others of them pleading negatively,) has the same rights, that the affirmative of a single issue would give to a sole defendant. The same “onus” is devolved on him. He must prove the affirmative ; therefore, if he shall commence the examination before the jury, he should have the right to open the argument. In England, when there is only one defendant, and he pleads both affirmatively and negatively, each partj opens his affirmative; the plaintiff replies to the affirmative of the defendant, and the defendant is entitled to a general reply. The practice is otherwise, in this particular, in this state. But a defendant who relies solely on an affirmative plea must sustáin his plea, whether he be alone or associated with others, who, as to themselves, impose the burthen of proof on the plaintiff. As he is bound to do this by “probatio natura,lis” or testimony of witnesses, he should be allowed, in the same order, to attempt it by the “pro-baiio Miifecialis” or argument of counsel. He must open the one; he may therefore, open the other. But as he can introduce testimony on his own issue only, therefore, his argument must be confined to that issue; and all that he can claim is, that as between himself and the plaintiff, he (the defendant) may ojien the argument. He may have two speeches. But it does not follow, that he may make his first speech before the plaintiff has opened the argument on the issue, with other defendants, and in which he (the plaintiff) holds the affirmative. If he open and conclude his own issue, it is not material to him, whether he does so before or after the plaintiff has spoken on his affirmative on the issue between him and the defendants, who plead not guilty. But there are two reasons why the *275 judgment should not be reversed, in this case, merely because a defendant who plead justification was not allowed to make two speeches.
All that a party can claim as a legal right-, is ‘to be heard.’ Law does not give him a right to be heard more than once.
Jndgment will not be reversed merely be-eause one of several defend dants was not permitted to close theargument on his affirmative plea, when the other defendants pleaded the general issue.
If it appear thatdefend- • soie puf. pose of gain-the opening and conclusion of the cause may be denied him.
1. All that a party can claim as a legal right is, that he shall be heard. The law does not give him a right to be heai’d more than once. Allowing more than one speech, by the same party, is a mere rule of practice, resulting from courtesy. We would not be inclined to disturb or change the practice which accords to the party holding the affirmative, the privilege of concluding the argument. But when there are several defendants, some of whom hold the affirmative and others the negative, confusion and delay might be occasionally the consequence of punctiliously observing the rule which is generally applied to the affirmative in a case in which there is only one defendant, as therefore practice rather than principle prescribes the rule, and as we know of no settled practice in such a case as this, we would not feel at libertey to control the circuit'courts and reverse their judgments, merely because one of several defendants was not permitted to close the argument on his affirmative plea, when others pleaded the general issue.
2. A defendant, by failing or refusing to introduce any evidence, in the proper order, in support of his aííirmaüve, may waive his precedence in the argument; or if it clearly appear, that he pleaded affirmatively, for the sole purpose.of gaining an unjust advantage in the argument, the priority to which he might otherwise' be entitled, might be denied. Justice should not be entangled by chicanery, nor embarrassed by mockery,
- In this case, there was not even the semblance or justification. The affirmative plea was filed for an improper purpose. The circuit judge, therefore, hada right to rebuke the party so pleading, and withhold from him the Undue advantage which he was seeking.
Wherefore, we will not reverse the judgment, merely because one of the plaintiffs in error was not indulged in two speeches instead- of one.
Nor can we grant a new trial on the merits. The verdict is exemplary. But it is not exorbitant.
The battery was enormous, and was committed in a peculiarly outrageous manner, by a combination of in *276 dividuals; and although some of the plaintiffs in error-seeni to havehad !)ut kttle agency in it, comparatively, the jury were authorized by the facts, to find them all guilty, and thereby compel them to contribute to the reparation of an aggravated injury.
Crittenden and Haggin, for appellants; Denny and Hewitt, for appellee..
We have, therefore, come to the conclusion, that there is no error in the judgment.
Wherefore, it must be affirmed.