## SWEENEY v. UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted November 13th, 1883.—Decided December 17th, 1883.

*Contract.*

1. When a contract with the United States for building a wall provides that payment for the work contracted for shall not be made until an agent, to be designated by the United States, certifies that it is in all respects as contracted for, and after completion of work the designated agent refuses to give the certificate, and there is no fraud, nor such gross mistake as would necessarily imply bad faith, nor failure to exercise honest judgment on the part of the agent, the engineer's certificate is a condition precedent to payment.
2. The ruling in *Kihlberg* v. *United States*, 97 U. S. 398, adhered to, and applied to this case.

Suit to recover the price of a wall built by the appellant around the National Cemetery, at Fort Harrison, Virginia.

The plaintiff contracted to construct the wall by a written agreement, of which the following were the material parts:

First. That the said A. W. Sweeney shall build a wall of brick at the National Military Cemetery at Fort Harrison, Virginia, according to the plans and specifications attached to this contract. . . .

Fourth. It is agreed that from time to time, and when completed, the said wall shall be inspected by an officer of the U. S. Army, or by a civil engineer or other agent, to be designated by the party of the first part, and after such officer, or civil engineer, or other agent, shall have certified that it is in all respects as contracted for, it shall be received and become the property of the United States. . . .

Sixth. It is agreed that upon inspection and report of materials furnished, or work done, during the performance of this contract, payment in part may be made to the contractor, said payment in no case to exceed 80 per cent. of the estimated value of the material and work actually furnished.

The following were the material findings of the court of

claims in regard to the work for which payment was demanded in this action.

XIII. After the completion of the wall as aforesaid the said Chenoweth, under orders, inspected the same, and made the following report :

RICHMOND, VA., *Oct.* 22d, 1874.

Col. A. F. ROCKWELL,
        *A. Q. M., U. S. A.:*

SIR : I have the honor to report a visit this day, with Capt. T. J. Eckerson, to the Fort Harrison National Cemetery.

Mr. Sweeney, contractor for the enclosing wall, has entirely completed the work, without paying any attention whatever to the instructions given him relative to the material to be used, nor has he paid any attention to the order of the quartermaster-general with regard to the gate-posts.

The condemned material has been used, and I consider the workmanship is very unsatisfactory.

        Very respectfully, your obedient servant,
                                G. D. CHENOWETH,
                                        *Civil Eng'r.*

XIV. In consequence of this report the wall so constructed was taken down by order of the quartermaster-general, and a new wall, made of other material, was constructed in its place. The cost of the new wall was $7,829.03. It was not shown that the claimant had any notice of the intent to take down the wall constructed by him, or that any further opportunity was offered him to correct or remedy any defects or errors therein, or that there was any other attempt to complete the wall in accordance with the terms of the contract.

XV. It was not shown that there was any fraud, or any such gross mistake as would necessarily imply bad faith, or any failure to exercise an honest judgment on the part of the said Chenoweth in making the inspections hereinbefore referred to or set forth.

XVI. No officer of the army of the United States, nor civil engineer, nor other agent of the United States, has ever certified that the said wall constructed by the claimant was in all respects as contracted for, or in any respect as contracted for, other than as shown by the said reports of the said Chenoweth.

XVII. The claimant then offered evidence tending to show that the wall as completed by him was in compliance with the requirements of the contract ; but the court refused to hear such evidence, or to make any finding on that subject.

*Mr. Thomas W. Bartley* and *Mr. Milton I. Southard* for appellant.

*Mr. Assistant Attorney-General Maury* for United States.

Mr. Chief Justice Waite delivered the opinion of the court.

This judgment is affirmed on the authority of *Kihlberg* v. *United States,* 97 U. S. 398. It was provided in the contract that payment for the wall was not to be made until some officer of the army, civil engineer, or other agent, to be designated by the United States, had certified, after inspection, "that it was in all respects as contracted for." The officer of the army designated under this authority expressly refused to give the necessary certificate, on the ground that neither the material nor the workmanship were such as the contract required. The court below found that there was neither fraud, nor such gross mistake as would necessarily imply bad faith, nor any failure to exercise an honest judgment on the part of the officer in making his inspections. The appellant was notified of the defective character of the material, and that it would not be accepted, before he put it into the wall, and after he had completed his work the wall which he constructed was taken down by order of the quartermaster-general and a new one made of other material built in its place.

*Judgment affirmed.*