STEWARD *v.* A. W. KUTSCHE & Co.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

S. E. N. MOORE, of Knoxville, for plaintiff in error.

LUKE VESSER, of Knoxville, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The plaintiff was employed by defendant in its work of constructing the Knoxville post office building. He sued before a justice of the peace to recover a balance alleged to be due him for wages. It is shown by the warrant that plaintiff worked for defendant as a carpenter and mechanic on the post office building at Knoxville for 320 hours, and was paid at the rate of 30 cents an hour for that service.

A judgment was rendered for plaintiff by the justice of the peace, and the defendant appealed to the circuit court, where the cause stood for hearing *de novo*. The defendant interposed, by plea in abatement, the defense that plaintiff's action was premature and beyond the jurisdiction of the court. The cause was set down for hearing on the plea, and plaintiff moved to strike it from the files. The trial judge overruled the motion to strike, sustained the plea, and dismissed the suit, whereupon plaintiff appealed and assigned errors.

■ If the action was premature or the controversy beyond the jurisdiction of the circuit court, defense could be made by plea in abatement as well as under a plea of not guilty at a trial upon the merits. *Robinson v. Grubb*, 8 Baxt., 19.

■ The truth of the facts averred in the plea, it must be assumed, were admitted by the motion to strike, taken as a demurrer. *Seifred v. Bank*, 1 Baxt., 200.

■ It is shown by the defendant's plea that plaintiff was paid at the end of each week of his employment all the wages due him under the contract of employment and

that his claim is for the difference between 30 cents an hour, the wage fixed by the contract of employment, and the minimum wage fixed by law, which plaintiff insists should have been the scale of wages allowed by the contractor.

The Act of Congress, chapter 411, sec. 1, 46 Stat., 1494, passed March 3, 1931 (40 U. S. C. A., sec. 276a), provides:

"Every contract in excess of $5,000 in amount, to which the United States or the District of Columbia is a party, which requires or involves the employment of laborers or mechanics in the construction, alteration, and/or repair of any public buildings of the United States or the District of Columbia within the geographical limits of the States of the Union or the District of Columbia, shall contain a provision to the effect that the rate of wage for all laborers and mechanics employed by the contractor or any subcontractor on the public buildings covered by the contract shall be not less than the prevailing rate of wages for work of a similar nature in the city, town, village, or other civil division of the State in which the public buildings are located, or in the District of Columbia if the public buildings are located there, and a further provision that in case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which can not be adjusted by the contracting officer, the matter shall be referred to the Secretary of Labor for determination and his decision thereupon shall be conclusive on all parties to the contract: Provided, That in case of national emergency the President is authorized to suspend the provisions of this section."

This provision of the act and its inclusion in the contract between the Post Office Department and the defendant did not extend to the contract of employment between plaintiff and defendant. It is shown by the plea that plaintiff was paid all that defendant agreed to pay for the services and that his claim depends upon the statute. Resting as it does upon the statute, and since the statute provides the mode through which the wage scale shall be adjusted, the controversy must be submitted to the Secretary of Labor, as provided by the act. *Petersen Baking Co.* v. *Bryan,* 290 U. S., 570, 54 S. Ct., 277, 78 L. Ed., 505, 90 A. L. R., 1285; *Hegeman Farms Corp.* v. *Baldwin et al.* (November 5, 1934), 55 S. Ct., 7, 79 L. Ed., —. This is necessarily so because plaintiff's claim for the excess is dependent upon the finding of the Secretary of Labor, acting as a referee under the statute.

Affirmed.