A. W. KUTSCHE & Co. *v.* KEITH *et al.*

(*Nashville*, December Term, 1935.)

Opinion filed Dec. 16, 1935.

G. L. VESSER and H. H. VESSER, both of Knoxville, for plaintiff in error.

KENNERLY & KEY, of Knoxville, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

Defendants in error were employed by plaintiff in error as carpenter helpers in the construction of the United States Post Office at Knoxville, and were paid thirty cents per hour, each, for their work. After receiving this stipulated wage, without objection or question, and after the termination of their employment, they instituted suit before a justice of the peace to recover the difference between the posted wage of carpenter helpers and carpenters; the wage for the latter being sixty cents per hour. The suits were predicated upon the theory that, while hired as carpenter helpers, the work performed by them was, in fact, the work of a carpenter. The contention of plaintiff in error is that defendants in error were only carpenter helpers, worked as such, and were paid the posted rate for that grade of work. Thus an issue of fact exists as to the proper classification of the work performed by defendants in error.

Plaintiff in error filed its plea in abatement to the jurisdiction of the court, asserting, among other things, that the supposed cause of action is for wages on the United States Post Office, and is based on the Acts of Congress of March 3, 1931, chapter 411, section 1, 46 Stat. 1494, 40 U. S. C. A., section 276a. That said act, among other things, provides:

"In case any dispute arises as to what are the prevailing rates of wages for work of a similar nature applicable to the contract which cannot be adjusted by the contracting officer, the matter shall be referred to the

Secretary of Labor for determination and his decision thereon shall be conclusive on all parties to the contract.''

It was further alleged in said plea that there is a dispute as to what is the prevailing rate of wage for work of a similar nature in the locality, and that the matter has not been referred to the Secretary of Labor for determination; that by the terms of said act, and the executive order of the President of the United States, the Secretary of Labor is the sole and exclusive arbiter in such matters, and that the state courts have no jurisdiction to interfere.

The trial court overruled the plea in abatement and proceeded to hear the evidence offered by the respective parties bearing on the nature of the work performed by defendants in error and its proper classification. Reaching the conclusion that the work performed fell within the classification of carpenter, the trial judge pronounced judgment in favor of defendants in error for the amounts sued for.

Defendants in error assert the proposition that the act just referred to has application only to disputes arising over the scale of wages in the locality with respect to a specified classification of labor. We think this view is too narrow. It is apparent that before any particular schedule of wages can be held applicable, it is necessary to determine the classification under which the work performed actually falls. Under the act in question, the Secretary of Labor is to determine the rates of wages for ''work of a similar nature.'' Whether or not the work performed by defendants in error was of a similar nature to that of carpenter presents a dispute which alone can be determined by the Secretary of Labor.

In order to recover at all, defendants in error

must rely on the contract between plaintiff in error and the government of the United States, since they were paid all that was due them under their contract with plaintiff in error. The rule is that when a right is given by statute, and a remedy is prescribed, that remedy must be pursued. *Nashville & Chattanooga Railroad Co.* v. *Sprayberry*, 9 Heisk. (56 Tenn.), 852; *Flatley* v. *Memphis & Charleston Railroad Co.*, 9 Heisk. (56 Tenn.), 230. It is argued for defendants in error that they do not have to rely on the contract of plaintiff in error with the United States in order to secure a recovery; but may seek and secure relief solely on the basis of said statute. Nevertheless, if relief is sought on the basis of that law, it would have to be sought in accordance, and in the forum, fixed by statute. *A. W. Kutsche & Co.* v. *Anderson* (Tenn. Sup.), 83 S. W. (2d), 243.

The determination by the Secretary of Labor of the question of the rate of wage for work of a similar nature to that performed by the complaining servant is made conclusive by the act on all parties to the contract. Furthermore, it appears that under the executive order of the President of the United States, relating to said act, it is provided that if it shall be found that any laborer or mechanic employed on the public work covered by the contract has been or is being paid a rate of wage less than the prevailing rate of wages as aforesaid, the government may by written notice to the contractor terminate his right to proceed with the work. Thus, under the statute and the executive order, the laborer and mechanic is afforded ample and complete protection in the matter of wages to which he may be entitled.

Certain constitutional questions are made in the case which we do not find it necessary to determine.

The judgments of the trial court must be reversed because of the error in overruling the plea in abatement, and the suits dismissed, at the cost of defendants in error.