LIFE & CASUALTY INS. CO. *v.* HARGRAVES.

(*Nashville*, December Term, 1935.)

Opinion filed Dec. 16, 1935.

SIZER, CHAMBLISS & KEFAUVER, of Chattanooga, for plaintiff in error.

BOYD W. HARGRAVES, of Chattanooga, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The insurance company contests liability in this suit brought to recover on two life insurance policies, one for $222 and the other for $98, on two grounds: (1) Lack of insurable interest in the beneficiary, and (2) that the insured died as a result of acts committed by him in violation of law. The trial court gave judgment on both policies. The Court of Appeals, in an opinion by Judge THOMPSON, affirmed as to the larger policy and reversed as to the other, finding that a difference in the language employed called for this distinction in effect. This court granted writ of *certiorari* and has heard argument.

■■ 1. The beneficiary, a Negro woman, was living with the insured, Willie Pounds, a Negro man, at the time of his death, and had lived with him for several years, although not married to him. She had taken out the insurance and paid the premiums, and there is no evidence that he knew of its existence. He was a bootlegger. He was under a criminal charge and out on bond and, having been surrendered by his bondsman, two police officers, Goode and Butler, were detailed to arrest him. After one or more calls at his home and inquiries in the neighborhood, Officer Goode came upon him about eight P. M. and undertook to place him under arrest, when Pounds resisted, striking and injuring the officer. A desperate

fight between the men ensued, Pounds drawing a knife and Goode shooting Pounds three times. Pounds finally started to run when Butler, coming up, fired twice at him. These are substantially the facts as shown by a clear preponderance of the testimony.

The excluding language of the policy contract relied on by the company is, "If the assured shall die as a result of acts committed by him while in the commission of . . . some act in violation of law," the insistence being that Pounds died as the result of, not only an effort to evade arrest in the first instance by officers of the law, but an attempt to commit a felonious assault with a weapon upon an officer of the law while in the discharge of his duty.

We think it can be assumed that if the proof conclusively showed that he died from the shots fired by Officer Goode while in the fight with him, the Court of Appeals would have found for the company. That court took the view that, since Pounds had turned away from the fight and was in the act of fleeing when he was again shot by Officer Butler, and since it did not appear clearly which of the shots caused his death, the company failed to prove that he met his death while "in the commission of some act in violation of law"—that his act of violation had ceased.

We think this too narrow a view. The happenings were too closely related to be thus separated and distinguished. Whether the officers, or either of them, shot too often, or continued to shoot too long, is not determinative of the present issue. The question here for consideration is not whether the officers were acting lawfully, but whether the deceased was acting unlawfully. Certainly the assured was violating the law when he met his death, and his

death directly resulted from this violation. If one commits a felonious assault and is killed, he loses his life while in commission of an unlawful act, whether the fatal shot is fired during the active assault, or while in the act of fleeing the immediate scene. The assured was violating the law in seeking to escape arrest, both for the previous offense for which the officers were seeking him, and for the offense committed against the officer at the time.

In *Love* v. *Bass*, 145 Tenn., 522, at page 529, 238 S. W., 94, 96, CHIEF JUSTICE GREEN said: "In *Reneau* v. *State*, 2 Lea (70 Tenn.), 720, 31 Am. Rep., 626, the law is declared to be that in order to prevent the escape of one who has committed a felony, an officer will be excused for killing him, if he cannot be otherwise taken;" and he quotes with approval from *Lewis* v. *State*, 3 Head, 127, 146, this: "The term 'escape' is not to be taken in its technical sense, which would imply, as is argued, that the person was previously in custody of the officer, and had eluded his vigilance. It must be understood in its popular sense, which is, 'to flee from, to avoid, to get out of the way,' etc."

Certainly Pounds was acting in violation of law when, having committed a felonious assault on the officer, he was attempting to "escape." And this is true whether the officers were justified under the circumstances in going to the extent of killing him or not.

The Court of Appeals quoted a part of a paragraph from the opinion of this court in *Southern Insurance Co.* v. *Graham*, 152 Tenn., 578, 280 S. W., 30, 31, in turn a quotation by MR. JUSTICE McKINNEY from Cooley's Briefs on Insurance. In the Graham Case no causal connection was found between the alleged unlawful act of

transporting liquor and the accidental death of the assured, and the paragraph as a whole discusses this question of causal connection which is, of course, essential. The excerpt adopted and applied by the Court of Appeals is as follows:

"So the fact that the death of the insured is the consequence of some illegal act of his is not sufficient if it did not occur while engaged in such illegal act as the direct result thereof. Thus, though one has committed an assault on or engaged in a combat with another, the violation of law involved therein does not relieve the insurer if the insured has ceased from his assault or retreated from the combat, *and is killed by the other person from motives of revenge*, though the acts immediately follow each other."

We have italicized language which clearly distinguishes the case stated from that before us. There is no suggestion here that the assured was killed "from motives of revenge," nor did the act of law violation consist only of the assault on the officer. It had four phases, unbroken in continuity: (1) Evasion of arrest for a previous offense, (2) resistance of an officer, (3) felonious assault on the officer, and (4) fleeing from arrest.

The company makes the additional point that the beneficiary was without an insurable interest in the life of the assured. This presents a question of doubt under the authorities which it is unnecessary to consider, since the judgment must be reversed and the suit dismissed on the ground above indicated.