**GILLIOZ et al. v. WEBB et al.***
No. 8861.

Circuit Court of Appeals, Fifth Circuit.
Nov. 15, 1938.

L. W. Eubanks, of Monett, Mo., for appellants.

S. Gus Jones and E. W. Maynard, both of Macon, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants are contractor and surety on a Government contract for the construc-

*Rehearing denied Jan. 16, 1939.

tion of Barrack Building No. 3 at Fort Benning, Georgia. Appellees are persons who, having furnished labor in the prosecution of the work provided for in the contract, intervened under the Heard Act, 40 U.S.C.A. § 270, to recover the additional wages due them under Article 20(a) of the contract. This article provided:

(a) The ·rate of wage for all laborers and mechanics employed by the contractor or any subcontractor on the public building covered by this contract shall be not less than the prevailing rate of wages for work of a similar nature in the city, town, village or other civil division of the State in which the public building is located. In case any dispute arises as to the prevailing rates of wages for work of a similar nature applicable to the contract, which cannot be adjusted by the contracting officer, the matter shall be referred to the Secretary of Labor for determination, and his decision thereon shall be conclusive on all parties to the contract as provided in the Act of March 3, 1931, (Public No. 798).[1]

As amended in 1935, 49 Stat. 1011, 40 U.S.C.A. 276a, the Act not only provided for, but secured the payment of adequate wages on Government contracts, by having them determined by the Secretary of Labor and written into the contract, and by making provision ·against contracts between the contractor and laborers and mechanics for any less wage. The Fort Benning contract was completed before the passage of this amendment, and it has bearing only as throwing additional light on the policy and purpose of the original Act, and the office and function of the Secretary of Labor under it, and contracts made pursuant to its terms.

The claim of each intervenor was in substance the same. It was that employed on the Fort Benning job by the contractor, he had worked the number of hours and had received the rate of pay therefor stated in his petition. That as provided in the contract between the Government and the contractor the Secretary of Labor had fixed the compensation for the work each was respectively doing at 90 cents per hour for reinforcing rodmen and at $1.25 per hour for structural and ornamental iron workers. Each intervenor sued for the difference between what he had been paid, and the rate of pay fixed by the Secretary of Labor for the work that he had performed.

The defendants attacked the Act as unconstitutional in that it attempted to confer judicial functions on the Secretary of Labor, and also, to empower him to make final and arbitrary rulings without providing for an adequate hearing.

Aside from this attack they made two principal contentions. One of these was that the judgment as to each intervenor was unsupported by any substantial evidence that he had worked in the capacity and for the time that he claimed. The point made here is that each intervenor was employed and he actually worked not as a reinforcing rodman or a structural and ornamental iron worker, but as a common laborer, and that, assuming the correctness of the scale the Secretary of Labor had fixed, it had no application to them. The other was that the act of the Secretary of Labor in fixing the scale or rate of pay was without effect, because there was no dispute, within the meaning of the contract, which authorized him to act.

██ On its face the constitutional point is without merit, for what is in question here is not the construction or validity of a statute, but of a contract voluntarily entered into with the Government. The fact that Congress authorized, indeed, required the inclusion in it of the clause in question as a condition to letting the work, is significant only upon the question of the authority of the executive officer to write the clause in. Without such authorization it may well be doubted that the contracting officer of the Government would have had authority to insert it. Cf. United States, for Use and Benefit of Johnson v. Morley Construction Co., D.C., 17 F.Supp. 378, 388.

██ · Plainly and specifically authorized by, indeed, taken from the statute, there can be no doubt of the validity and binding force of this provision of the contract, or that, written in as a part of the public policy of the United States, to insure the payment of adequate wages on public work, its provisions should be liberally construed to effectuate its purpose. United States for Use and Benefit of Johnson v. Morley Const. Co., supra; United States for Use of Wylie v. W. S. Barstow & Co., 4 Cir., 79 F.2d 496. That purpose was

---

[1] Bacon-Davis Act, 46 Stat. 1494.

to require the payment of not less than the prevailing rate of wages, and to establish the Secretary of Labor as the appraiser and determiner of that rate, whose finding is a condition precedent to complaints by laborers that the contractor had not paid, and conclusive upon both contractor and laborers as to what was the prevailing rate of wages the contract required to be paid. State ex rel. Partin v. Dykes, 169 Tenn. 100, 83 S.W.2d 243; Kutsche & Co. v. Keith, 169 Tenn. 399, 88 S.W.2d 454, 455.

■ The function of the Secretary in thus ascertaining and declaring the prevailing rate of wages is not arbitrational, and in the nature of a judicial inquiry, and therefore requiring for its validity a formal controversy and hearing. It is that of an appraiser or valuer, a part of the process fixed by contract for determining a price, or an amount to be paid. 3 Am. Jur. Sec. 3, p. 830; City of Omaha v. Omaha Water Co., 218 U.S. 180, 191, 30 S. Ct. 615, 54 L.Ed. 991, 48 L.R.A.,N.S., 1084; Zimmerman v. Marymor, 290 Pa. 299, 138 A. 824, 54 A.L.R. 1255 and Note; Williams v. Branning Mfg. Co., 47 L.R.A.,N. S., note pages 381 to 384. In the exercise of this function and subject to the impeachment of his determination only for fraud, dishonesty or bad faith, the Secretary of Labor fixes, as between the Government and contractor, and those who work on the job for him, the wages to be paid, in the same manner and with the same conclusive and binding force as private parties fix such matters by contract between themselves, Cudlipp v. C. R. Cummings Export Co., Tex.Civ.App., 149 S.W. 444, 447, and as officers of the Government in other contracts fix and determine quantities, prices, and other vital issues referred to them by the contract, for fixing. Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106; Sweeney v. United States, 109 U.S. 618, 3 S.Ct. 344, 27 L.Ed. 1053; United States v. Gleason, 175 U.S. 588, 20 S.Ct. 228, 44 L.Ed. 284; United States v. Mason, 260 U.S. 323, 43 S.Ct. 128, 67 L.Ed. 286; Goltra v. Weeks, 271 U.S. 536, 548, 46 S.Ct. 613, 70 L.Ed. 1074. The only difference between the function of the Secretary under the Act as originally drawn and under the Act as amended, is that under the original Act the Secretary, as here, fixes the rate to be paid after a dispute has arisen and it then becomes part of the contract, while under the Act as amended the Secretary fixes and writes it into the contract in advance.

■ Neither in the pleadings nor in the proof was the Secretary's finding attacked for fraud or want of honesty. The only point made against it was there was no formal dispute and no formal hearing, and that it was not in fact correct. The finding needed neither formal dispute nor formal hearing to support it. Its correctness was not subject to question. The determination was made in settlement of a contention that the contractor was not paying the prevailing wages, a contention definitely presented to and pressed upon the contractor, both directly and through the contracting officer, and as definitely rejected by him. The contract made the Secretary's finding conclusive upon the contractor. Nothing in the record impeaches it, or takes from its force.

■ The other point, that the judgment is not supported by proof that the intervenors worked in the capacity and for the time that they claimed, is no better taken.

As to the time worked, the record presents no difficulty whatever. Intervenors' claims were for the difference between the prevailing rate of wages as fixed by the Secretary and that actually paid them for the time they worked. That time was shown by the books of the company which were stipulated into evidence. The only matter at all at issue was as to whether the intervenors were laborers, as the company's records showed them to be, and therefore not entitled to receive pay on the scale fixed by the Secretary, or were "reinforcing rodmen" or "structural and ornamental iron workers" as they claimed they were.

The record, though meager, contains as to each intervenor sufficient testimony to support the finding in his favor, that, though differently carried on the company's books, he was in fact a skilled worker, and therefore entitled to be paid at the rate of wages the Secretary had fixed.

The judgment is affirmed.