Harris *et al. v.* Owen *et al.*

(*Nashville*, December Term, 1943.)

Opinion filed January 8, 1944.

EDWARD P. RUSSELL and THOMAS F. TURLEY, JR., both of Memphis, for complainants.

GEORGE P. DOUGLASS, of Memphis, for defendants.

MR. JUSTICE McKINNEY (Retired) delivered the opinion of the Court.

The sixteen complainants, by their bill, seek a decree against the defendant, J. W. Owen, for the sum of $168,-864.60, upon allegations that they were in his employ while he was engaged, as subcontractor, in constructing certain named governmental projects, in which minimum wages were prescribed, and that they were paid only

twenty-five per cent of such wages. It is further alleged that demand was duly made on Owen for the payment of the balance of the wages but that he refused to make any further payments.

While it is alleged that complainants were in the employ of Owen, some for more than two, others for more than four, six and eight years, and that they were paid every week, it is not alleged that any demands for additional payments were made during the respective periods of their employment.

The bill is based upon certain federal statutes, and particularly upon what is known as the Davis-Bacon Act, 46 Stat. 1494, as amended, 49 Stat. 1011; 40 U. S. C. A., section 254, et seq.; Sec. 276a, providing in part as follows:

"And every contract based upon these specifications shall contain a stipulation that the contractor or his subcontractor shall pay all mechanics and laborers employed directly upon the site of the work, unconditionally and not less often than once a week, and without subsequent deduction or rebate on any account, the full amounts accrued at time of payment, computed at wage rates not less than those stated in the advertised specifications, regardless of any contractual relationship which may be alleged to exist between the contractor or subcontractor and such laborers and mechanics, and that the scale of wages to be paid shall be posted by the contractor in a prominent and easily accessible place at the site of the work."

It is not alleged in the bill that the several wage scales were not posted, as required by the statute, and the presumption is that they were. Neither is it averred that complainants were not familiar with the several wage scales; and it does not appear from the bill that

complainants, in the employ of Owen for many months, ever complained upon receipt of their weekly wages. It is apparent, therefore, that for some unexplained reason, complainants have conceived the idea that they were improperly classified and did not receive the wages to which they were entitled. On the other hand, Owen, in denying liability, is evidently of the opinion that complainants were paid in accordance with the published wage scales. Thus a controversy has arisen which, under the federal statutes, should be submitted to the Secretary of Labor, since jurisdiction to determine such controversies has not been conferred upon the chancery court of this State. *Steward* v. *A. W. Kutsche & Co.,* 168 Tenn., 133, 76 S. W. (2d), 315; *A. W. Kutsche & Co.* v. *Anderson,* 169 Tenn., 98, 83 S. W. (2d) 243; *A. W. Kutsche & Co.* v. *Keith,* 169 Tenn., 399, 88 S. W. (2d), 454.

Realizing the force of these decisions, counsel for complainants invoke the jurisdiction of the State courts upon allegations that the principal contractors settled with Owen upon pay rolls which he submitted based upon scales of wages in accordance with which they contend they would be entitled to the sums for which they sue herein. The question of what the principal contractors paid Owen is not controlling. If Owen paid complainants in conformity with the prescribed wage scales they have no grievance or right to complain. Whether the principal contractors paid Owen more or less than he was entitled to could in no wise affect the obligations existing between complainants and Owen. It is not charged that complainants had any contractual relations with the principal contractors and no monetary relief is sought against them. Neither is it claimed that the principal contractors made gratuitous contributions to Owen for

complainants, upon which they could prosecute an action for money had and received.

■ So that, after all, this is simply a controversy between employer and employees as to whether the latter have been compensated in accordance with the wage scales prescribed by the Government, and the forum for determining such controversies is the Secretary of Labor.

Representatives of the principal contractors were made defendants for the sole purpose of having them disclose, in detail, the sums paid to Owen for labor on the named projects. Two of such defendants demurred to the bill, one of the grounds being that the chancery court was without jurisdiction to determine the controversy. The chancellor overruled the demurrer but granted the demurrants an appeal. No question has been raised by counsel as to the prematurity of the appeal, and we will not do so, since it is to the interest of the parties to be advised, as early as possible, that this suit cannot be maintained in the courts of this State; so that, if desired, they could have their controversy determined in the proper forum.

It results that the decree of the chancellor will be reversed, the demurrer sustained, and the suit dismissed as to the demurrants. Complainants will pay all accrued costs, and the cause will be remanded for further proceedings.

ON PETITION FOR REHEARING.

By the bill complainants seek a decree against Owen for a large sum of money, upon allegations that while in his employ in the construction of certain Government projects he only paid them twenty-five per cent of the wages to which they were entitled.

Owen was a sub-contractor and is the only defendant who has any interest in the outcome of the suit.

Certain employees of the principal contractors were made defendants for the sole purpose of obtaining from them evidence as to sums paid Owen by the principal contractors for complainants. Two of such employees, Erich E. Schmied and C. J. Wagner, demurred to the bill, the first four grounds being as follows:

"1. The bill fails to allege that the facts sought to be discovered of these defendants are material to compainants' case, or that compainants are unable to prove by other testimony the evidence sought to be discovered.

"2. The bill shows on its face that the facts sought to be discovered of these defendants are immaterial to the relief prayed, and if material, could be readily proved by other testimony.

"3. Because the bill is multifarious in that it seeks a discovery of matters separate and distinct from the specific relief sought.

"4. Because the bill shows on its face that the discovery is sought upon suspicion, surmise or vague guesses, and is commonly known as a 'Fishing Bill,' and that complainants are not entitled to a discovery of the matters in their bill prayed."

The chancellor overruled the demurrer, in the main, and granted demurrants an appeal to this court.

In our original opinion we held that this was a controversy between employer and employees, and that, upon authority of *Steward* v. *A. W. Kutsche & Co.,* 168 Tenn., 133, 76 S. W. (2d), 315; *A. W. Kutsche & Co.* v. *Anderson,* 169 Tenn., 98, 83 S. W. (2d), 243; and *A. W. Kutsche & Co.* v. *Keith,* 169 Tenn., 399, 88 S. W. (2d), 454, this court was without jurisdiction of the subject matter, reversed the decree of the chancellor and dismissed the bill as to these demurrants.

Complaintants, in their petition to rehear, direct attention to the fact that subsequent to the decision in the three cases cited above, Congress on August 30, 1935, amended the Federal Statute, 40 U. S. C. A., section 276a, in such a manner as to take the present case without those decisions; and further, that this cause is not based upon the Federal Statutes, and that they may be ignored. No reference was made in brief of counsel as to this amendment upon the original hearing. In view, however, of the above concession no further reference will be made to the Federal Statutes, and the petition to rehear will be granted to the extent that so much of our original opinion as holds that the state courts are without jurisdiction to determine this controversy is retracted and withdrawn, the court expressing no opinion as to whether or not the state courts have jurisdiction of the subject matter. This is a question that in no wise affects these demurrants.

The court, however, adheres to its original opinion in reversing the decree of the chancellor and dismissing the bill as to demurrants.

We have been cited to no authority holding that disinterested parties, available as witnesses, can be properly made defendants for the purpose of procuring evidence from them.

█ The object of a bill of discovery is to ascertain from the adverse party facts resting in his knowledge or the discovery of deeds, or writings, or other things in his custody or power. Gibson's Suits in Chancery, Chambliss Edition, Secs. 1116-1118; 17 Am. Jur., pp. 1, 2. In 17 Am. Jur., 25, it is said:

█ "Clearly, however, a bill of discovery does not lie against one not interested and who may be a witness. Similarly, where a bill in equity is instituted for relief and for a discovery in aid of such relief, a person who has no interest in the subject-matter of the suit and against whom no relief is sought can not properly be made a party defendant for the purpose of discovery."

There is no necessity for such a discovery, since such party can be examined as a witness; and where his testimony is desired before the cause is at issue, his testimony can be had *de bene esse* as provided by Sec. 10571 of the Code.