## ZWEIG v. UNITED STATES.
### Civil Action No. 1385.

District Court, N. D. Texas,
Dallas Division.

June 11, 1945.

Emil Corenbleth, of Dallas, Tex., for plaintiff.

A. W. Christian and Lieutenant George Red, both of Dallas, Tex., for defendant.

ATWELL, District Judge.

The plaintiff contracted to furnish 350,-000 pair of trousers. 250,000 pair were to be made by the double-needle method. 100,-000 pair by the single-needle method. The contract price was 62 cents.

After the 250,000 pair and 62,209 pair of the 100,000 had been completed, the contractor asked for permission to change the manufacture of the remaining 37,791 single-needle method to the double-needle construction.

The contract, in clause 2, permitted changes that were agreeable and provided for "equitable adjustment." In the event an agreement could not be reached as to what the equitable adjustment would be, the contracting officer was made the arbitrator. He fixed a deduction of 5 cents per pair. That amount was deducted. The contract was completed. This suit is based on the claim that the 5 cent-deduction was not equitable.

The phrase "equitable adjustment" entitled the plaintiff to be heard, even though he did not make any allegation of fraud, deceit, or illegality. It is an adjustment which would be cognizable at equity. Equity jurisdiction is a remedial territory not good at law, but recognized in equity. United States v. Beuttas, 65 S.Ct. 1000, and Martinsburg & Potomac v. March, 114 U.S. 549, 5 S.Ct. 1035, 29 L. Ed. 255, cite Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106, and Sweeney v. United States, 109 U.S. 618, 3 S.Ct. 344, 27 L.Ed. 1053, but neither is based upon a contract which had that particular phrase. Nor is there any question here that the application for the change was made by the contractor. Nor need we hesitate for an examination of the authorities as to the scope of the power of an administrative officer for the final determination of mixed questions of law and fact. The sole question is whether the arbitrator deducted the proper amount. In other words, was his adjustment "equitable"?

His determination of that question is not attacked because of any fraud, deceit, or, illegality, but, only because it is alleged that he acted "arbitrarily."

The word, "arbitrarily," as used in the pleading, and the word, "arbitrate," which may be read into clause 2, stems from the same Latin word, "arbitrarius," but the meaning is different. "Arbitrate," in a contract or in statutory use, means a non-litigious settlement; a determination by a person chosen by the interested parties. "Arbitrarily" may mean, "a decision according to judgment or will; independent of law or rule; discretionary; capricious, or, despotic." It may mean, without adequate determining principle, not founded in the nature of things, non-rational, not done or acting according to reason or judgment, depending on the will alone.

The definitions which seem to indicate unfairness or capriciousness, or, lack of evidentiary support, are not met by the testimony here. The Commanding Of-

ficer nominated by Sec. 2 of the contract, was, himself, learned by long experience in this particular field. He explains his judgment for the deduction as being based upon that experience. It showed that the single-needle method required eight more labor operations than did the double-needle method, and that it, likewise, required more material. In this conclusion he was supported by facts which he gleaned from another expert in the same field. That officer testified to the lessening of labor requirements by the double-needle method and the lessened requirement of certain material. The facts also indicate that he had the benefit of the information that the single-needle line required more operators than did the double-needle line. The change-over thus materially lessened the plaintiff's cost. Of the double-needle method he had the benefit of not only the making of the 250,000 pair, but also in the last 37,791 of the 100,000 pair. His offer of one-half-cent reduction for the right to make the change is a confession of benefit.

The parties to the contract recognized the possibility of changes in specifications and determined upon the method for settlement of disputes that might arise between them as to compensation after such change was agreed upon. They determined that the officer empowered to make the "equitable adjustment" should recognize, as he did, that such determination should be final and conclusive.

Finding in the testimony much that supports his judgment, and little, if anything, that seriously reflects upon its correctness, judgment must go for the defendant.