**BAEZ**

v.

**DISABLED AMERICAN VETERANS SERVICE FOUNDATION.**

Civ. A. No. 59–328.

United States District Court
S. D. New York.

Feb. 15, 1954.

See also, 13 F.R.D. 330.

Stanley Faulkner, New York City, for plaintiff.

Proctor, Smith & Harding, New York City, for defendant, by Julius Garrell and Harry Merwin, New York City, of counsel.

GODDARD, District Judge.

This is an action to recover damages for an alleged breach of contract arising out of defendant's failure to award plaintiff the first prize in a nationwide word puzzle contest sponsored by defendant in 1948.

The defendant, Disabled American Veterans Service Foundation, sponsored the contest, offering 270 prizes aggregating $51,265. to those who achieved the highest scores in the contest. Plaintiff paid an entry fee of $17 and thereby became entitled, if he won first prize, to $33,000 plus an automobile valued at $3,000 if he was the first to submit the highest acceptable score.

There were 279,000 entries in the contest, and it appears that 1,045 persons attained the top score of 935 points; 535 persons had 932; and 18,803 persons, including the plaintiff, scored 931 points. The rules of the contest provided that in the event that there were ties, there would be tie-breaking puzzles. After the tie-breaking contests had been conducted for those who had scored 935 points, the defendant awarded to 270 persons the prizes, ranging from $50 to the top prize aforementioned.

Plaintiff sues for $36,000 alleging that he should have been awarded the first prize of $33,000 plus the bonus prize of the automobile valued at $3,000. The defendant denies plaintiff's claims and says that there were many who had higher scores than the plaintiff, and

the prizes were distributed amongst those people.

Rule 8 of the Contest Rules provided:

"In solving the puzzle practically any word in the English language that fits may be used. * * * Words that may not be used in the solution of the puzzle are proper names or hyphenated words, prefixes or suffixes, abbreviations or contractions. With those exceptions, any word may be used provided it appears in bold face type in the A–Z main alphabetical section [footnotes excluded] of the final word authorities for this contest which will be the Merriam-Webster New International Unabridged Dictionary [1947 Edition]; and Funk & Wagnalls New Standard Dictionary, Unabridged [1946] Edition. * * *".

Rule 9 of the Rules provided in part:

" * * * and each contestant by the act of sending in an entry agrees to be bound by these rules and conditions and, in any event, with the decision of the DAV Service Foundation on any and all matters affecting the contest."

Plaintiff contends that the scores of 935 and 932 are invalid. He does not charge fraud, but charges that a gross mistake was made by defendant in accepting the word "Esth" used by the 935 group, as a correct word under the rules of the contest, and the use of the words "Ster" and "Teth" by the 932 group.

Plaintiff alleges that "Esth" is a proper name and therefore excludable under the contest rules.

In the Merriam-Webster dictionary, one of the authorities under the contest rules, the following definitions are found:

"Esth" is defined as "n. An Estonian." It defines "Estonian", as "A member of a Caucasian people dwelling chiefly in Estonia." It defines "common noun" as "opposed to proper noun. Gram. a A noun or name denoting any one of a class (man; whip; day). b A noun denoting a class or aggregate (mankind; crowd);—called also collective noun." It defines "proper name or noun" as "Gram. A name distinguishing some individual person (John, Mary, Lincoln), place (Boston, France) or thing, as a star, building, ship, river, or pet from others of the same class;—opposed to common noun. note—Proper nouns and proper adjectives are capitalized." It defines "proper" (meaning No. 14) as "Gram. Pertaining to or designating one individual only; as a proper name." "Name" is defined as, "The title by which any person or thing is known or designated; a distinctive specific appellation, whether of an individual or a class; * * * a proper name, such as 'Milton'; 'Boston', denotes any individual, esp. a person or place, without necessarily saying anything of character." It defines "individual" as a "single or particular being or group of beings; specif.: a A particular being as distinguished from a class, species or collection." Under Explanatory Notes, note 48, it states "Proper Names and Proper Adjectives either are entered with a capital letter, or are treated otherwise to show the capitalization."

The word "Esth" is listed in Merriam-Webster with a capital letter. There are similar definitions in the other contest authority, Funk & Wagnalls dictionary.

After the answers had been received, they were checked by Professor Bergen Evans and a staff of instructors and graduate students of Northwestern University. Professor Evans is a graduate of Harvard, and of Oxford University, England, and for the past ten years has been Professor of English at Northwestern University. He had, or has now, no connection with the defendant, other than his retainer for this particular purpose and as a member of

a committee to pass on the validity of words used in the contest. This committee consisted of a distinguished group of scholars including, in addition to Professor Evans, Lyman Bryson, Professor of Columbia University, Cabell Greet, a well-known lexicographer, Jesse Stein, Editor of Modern Library, Dr. Howard Driggs, Professor Emeritus of New York University, Dr. Paul North Rice, head of the Research Department of the New York Public Library, Professor Faverty of Northwestern University, and also the Chairman of the Department of English at the University of Chicago.

To this committee, the defendant submitted lists of combinations of letters and words, used by contestants, and the committee was asked to decide whether the combinations of letters, and words, were acceptable or not under the rules of the contest. These lists included "Esth", "Ster", and "Teth". The two specified dictionaries and the rules were consulted, each member of the committee reported, and the decision was unanimous in holding that "Esth", "Ster" and "Teth" were acceptable.

Under the contract between plaintiff and defendant, they agreed that the decision of the defendant would be final. It is settled that in such agreements, the decision of the defendant is final in the absence of fraud, or such gross mistake as would necessarily imply bad faith. Kihlberg v. United States, 97 U.S. 398, 24 L.Ed. 1106; Sweeney v. United States, 109 U.S. 618, 3 S.Ct. 344, 27 L.Ed. 1053; Martinsburg & Potomac R. Co. v. March, 114 U.S. 549, 5 S.Ct. 1035, 29 L.Ed. 255; Ripley v. United States, 223 U.S. 695, 32 S.Ct. 352, 56 L.Ed. 614.

I think that the defendant adopted a fair and reasonable plan for determining the words that should be admissible under its rules, and that the defendant was not guilty of gross mistake in adopting the decision of the committee which accepted the use of "Esth". The rules of the contest expressly pro-

vide that each contestant agrees to be bound by the decision of the DAV Service Foundation on any and all matters affecting the contest.

Since I have found that the determination accepting the score of 935 was not invalid, it is unnecessary to consider the validity of the usage of "Ster" and "Teth" in computing the second score of 932.

Furthermore, even if plaintiff were to prevail on the merits, his proof as to money damages is so speculative that it would not support an award.

I deny the defendant's motions to dismiss the complaint, but, on the merits, I find judgment for the defendant without costs. The foregoing shall constitute findings of fact and conclusions of law.