John W. YOUNG etc., Appellant,

v.

Skip NEALE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Rehearing Denied Sept. 18, 1970.

Martin Glazer, Dept. of Labor, Frankfort, for appellant.

T. C. Carroll, Shepherdsville, for appellee Bullitt County Board of Education.

Thomas B. Givhan, Shepherdsville, for appellee Bullitt Fiscal Court.

CLAY, Commissioner.

This controversy presents difficult procedural problems in the fixing of prevailing wage rates for the construction of public projects in Bullitt County. The proceedings were initiated when the County Board of Education planned to build a new high school. A wage rate schedule was promulgated after an initial public hearing conducted by a representative of the Department of Labor, as prescribed in KRS 337.-522(1). Thereafter the public authorities were granted an additional hearing by a Prevailing Wage Review Board (hereinafter "Board"), as provided in subsection (2) of the above statute. The majority of the Board upheld the findings of the Commissioner of Labor (hereinafter "Commissioner"), though one member of the Board filed a minority report recommending different wage rates.

On appeal to the Franklin Circuit Court, authorized by KRS 337.525, the Chancellor adjudged (1) KRS 337.522(2) was unconstitutional and void to the extent it denied the public authorities "due process" because of the composition of the Board and because of its procedural rules and regulations; (2) the finding of the Board was not supported by substantial evidence, most of which could be characterized as "hearsay"; and (3) the prevailing wage rates for Bullitt County should be those set forth in the minority report of a member of the Board.

The parties have practiced this case on the theory that the initial "public" hearing by the Commissioner under subsection (1) of KRS 337.522 and the "additional" hearing by the Board prescribed in subsection (2) thereof are similar in character and are governed by the same procedural principles. The main controversy rages over the competency and admissibility of numerous exhibits, filed by a union representative at the first hearing, which, in a legal proceeding, would be branded as "hearsay". These were in the form of information reports signed by union representatives and statements signed by contractors, none of whom testified.

Appellant contends that both hearings are conducted in the performance of a legislative function, and no person appearing has any assertable rights in the nature of the proceedings. On the other hand, appellees contend the hearings are essentially judicial, and at least the minimal requirements of procedural "due process" must be observed. We have concluded that the two authorized "hearings" are different in purpose and character and that appellant's position is correct as to the "public" hearing and appellees' position is correct as to the "additional" hearing.

Subsection (1) of KRS 337.522 provides in pertinent part:

"The commissioner or his authorized representative shall conduct a *public hearing* for the purpose of making initial determinations, or current revisions thereof, of a prevailing wage schedule for the construction of public works pertaining to a locality; * * *." (Emphasis added)

Subsection (2) provides in pertinent part:

"A public authority or any interested person may request and shall be granted an *additional hearing* for the purpose of having considered a *revision* of the prevailing wage schedule for the construction of public works in the locality; * * *." (Emphasis added)

Notice of these hearings is required by subsection (3) of KRS 337.522, and the determinations of both the Commissioner and the Board must be based upon the criteria set forth in KRS 337.520(3).

■ We will first take up the "public" hearing. Under the statutory scheme we deem this to be legislative in character. The General Assembly could itself, without any hearing, properly promulgate prevailing wage schedules applicable to various sections throughout the state. From a practical standpoint, however, the legislature

simply could not perform, and keep current, such a task. It therefore sensibly selected an administrative agent to make local appraisals to determine what are fair prevailing wages in specific areas. The function is one of legislative investigation and determination rather than judicial decision.

This conclusion is implicit in the decision reached in Baughn v. Gorrell & Riley, 311 Ky. 537, 224 S.W.2d 436 (1949). That case involved the constitutionality of the predecessor to the present KRS 337.522. Under that law a "public authority" was authorized to establish prevailing wages. *No hearing whatsoever was provided for.* We upheld the constitutional validity of this delegation of a discretionary power to determine reasonable prevailing wage rates applicable in local areas.

The statute here under consideration changed the method by delegating the responsibility to the Commissioner (in place of the "public authority") and providing for a *public* hearing. The nature of this hearing is not specified but practical considerations impel the conclusion that its primary purpose was to enable the Commissioner to obtain pertinent information, not to preside over a justiciable controversy. See County of Nassau v. Metropolitan Transp. Auth., 57 Misc.2d 1025, 293 N.Y.S.2d 1017 (1968). There are no "parties" to this proceeding. The conduct of the hearing must be left largely to the discretion of the Commissioner and, as we have indicated, the objective is to obtain information from various sources to aid the Commissioner in making his determination.

■ It may be noted that information is available to the Commissioner by reports filed under the provisions of KRS 337.520. There is no requirement that he hear or accept at the hearing any *legal evidence* whatever, so his investigation is not restricted by judicial standards relating thereto. Therefore appellees' objections at the

public hearing to the filing of exhibits showing wages allegedly paid by contractors on various construction projects in the area, filed by a union representative, were not well taken. These exhibits possibly would have been incompetent as hearsay in a judicial proceeding but, as we have said, this "public" hearing is not a judicial proceeding. See Gillioz v. Webb, 5 Cir., 99 F.2d 585 (1938).

■ We now consider the "additional" hearing provided by subsection (2) of KRS 337.522. Appellees contend[1] that the proceedings before the Board are in the nature of an *appeal* from the determination of the Commissioner "to review the evidence presented at the first hearing". We do not think so. The stated purpose of this hearing is to consider "a *revision* of the prevailing wage schedule". (KRS 337.522(2)) (Emphasis added) The statute apparently assumes the existence of a valid wage schedule theretofore fixed by the Commissioner. No time limit after the initial determination (or current revision) by the Commissioner is prescribed within which to request the "additional" hearing. We construe the purpose of this hearing to be the determination of whether a priorly established prevailing wage schedule has become obsolete, or is unrealistic, or does not currently conform to the standards prescribed in KRS 337.520(3).

■ This hearing has a judicial or quasi judicial aspect. It is initiated by a particular "party" (a "public authority" or "any interested person"). It obviously requires the presentation of a ground or grounds for a revision. The party initiating the proceeding clearly would have the burden of establishing some justification for a "revision" of the schedule, and this would require the introduction of evidence. One of the assertable grounds for *judicial review* of the Board's final determination is that it was "not supported by substantial evidence". KRS 337.525. The "review"

---

1. In fairness to appellees, we observe that they admit uncertainty concerning the exact character of this proceeding.

by the Board is not a review of the Commissioner's actions in establishing the schedule, but a review of the current correctness of the wage rates established therein. We think the foregoing considerations establish the judicial or quasi judicial nature of this hearing, and therefore the minimal requirements of procedural "due process" must be observed.[2] See Morris v. City of Catlettsburg, Ky., 437 S.W.2d 753 (1969).

■ This, of course, would include the right to introduce evidence. Kentucky Alcoholic Beverage Control Bd. v. Jacobs, Ky., 269 S.W.2d 189 (1954). Before the hearing by the Board the Bullitt County Board of Education requested the issuance of subpoenas for the attendance of witnesses and the production of documents, which were refused. While this motion and a separate request by letter were directed to the Commissioner rather than the Board, it appears that the refusal was based on the ground that it was not proper procedure to compel the attendance of any witness in Board proceedings.[3] Since we have determined that evidence should be presented at a Board hearing, appellees were improperly denied these subpoenas, and the Chancellor correctly held this a denial of "due process".

■ At the Board hearing the transcript of proceedings before the Commissioner at the "public" hearing was made part of the record and testimony was heard which was somewhat similar to that presented at the initial hearing. As we have indicated above, and as we held in Cabe v. City of Campbellsville, Ky., 385 S.W.2d 51 (1964), the Board's decision should be based upon substantial "legal" evidence. While hearsay evidence, which would be incompetent in a legal proceeding, may be admissible at such a hearing, it alone would not constitute sufficient "substantial" evidence to support the Board's finding.

■ The Chancellor was of the opinion that the composition of the Board, because of the interests represented by its members, effectively denied appellees "due process". We believe the court erred on this point in view of our holding in Kentucky Milk Marketing and Anti-Monopoly Commission v. Borden Company, et al., Ky., 456 S.W.2d 831 (1969).

■ The Chancellor also held that appellees were denied "due process" when they were not permitted to question the members of the Board with respect to their possible prejudice or bias. Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607 (1967), is cited in support of this ruling. That case involved the *trial* of a school teacher on charges which would justify his discharge. The proceedings before the Board in the present case do not constitute a trial of that nature. In addition, the Board members are selected on the basis of their interest in the subject matter. Apparently it was the determination of the legislature that the varying interests would counterbalance each other, and, as we held in the case last above cited, such does not constitute a disqualification. Therefore an inquiry of the Board members with respect to their favorable interest in the segment of society they were chosen to represent was irrelevant and improper. Of course they could be questioned concerning a special personal interest in the project involved.

2. It may be that the legislature could deny a governmental agency the right to procedural "due process", but we think under the statute involved the legislature intended a "public authority" to have the same hearing rights as "any interested party."

3. As we read the regulations of the Commissioner, the right to issue subpoenas and summon witnesses is specifically recognized as a power of the Board. Actually one member of the Board undertook to issue subpoenas which were ineffective.

The Chancellor accepted the prevailing wage rates recommended by a minority member of the Board. We do not believe that the *evidence introduced at the Board hearing* justified these wage rates. He further adjudged that KRS 337.522(2) was unconstitutional and void. In the light of our foregoing interpretation of that subsection, we believe the Chancellor erred.

In conclusion, it is our opinion that the current revision of prevailing wage rates for Bullitt County fixed by the Board must be set aside, and the judgment fixing another schedule of rates must be reversed.

The judgment is affirmed in part and reversed in part, with directions to enter a judgment consistent with this opinion.

All concur.