IN THE SUPREME COURT OF THE STATE OF NEVADA

ZANE MICHAEL FLOYD,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHAEL
VILLANI, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 83225

FILED

FEB 2 4 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges the district court's order identifying Ely State Prison as the place where petitioner Zane Floyd will be executed.

"A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (internal quotation marks, footnote, and alterations omitted); *see also* NRS 34.160. The petition presents a pure legal issue. And it does not appear that Floyd has another adequate remedy to challenge the district court's designation of Ely State Prison as the place of execution. We therefore elect to exercise our discretion to consider the merits of Floyd's

petition for a writ of mandamus.[1] *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194 (2020).

Floyd contends that the plain language and legislative history of NRS 176.355(3) require executions take place only at the Nevada State Prison in Carson City. We review questions of statutory interpretation de novo, beginning with the text of the statutes. *Gathrite v. Eighth Judicial Dist. Court*, 135 Nev. 405, 408, 451 P.3d 891, 894 (2019). NRS 176.355 addresses various aspects of an execution, including how and where the sentence is carried out. Subsection 3 provides that "[t]he execution must take place at the state prison." Based on the plain language of that statute, we disagree with Floyd's position. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) ("[W]hen a statute is clear on its face, a court can not go beyond the statute in determining legislative intent." (internal quotation marks omitted)).

First, "state prison" is not capitalized in NRS 176.355(3), thus indicating the Legislature used it as a non-specific, or common, noun. *See Briggs & Stratton Power Prod. Grp., LLC v. Generac Power Sys., Inc.*, 796 N.W.2d 234, 238 (Wisc. Ct. App. 2011) ("[A] proper noun is a noun that designates a particular being or thing, and is usually capitalized in English. When a noun is not capitalized in an English sentence, the reference is to a non-specific noun. . . . When a noun is capitalized in an English sentence, it refers to a specific noun." (internal quotation marks, footnote, and

---

[1]Floyd alternatively seeks a writ of prohibition. However, "[a] writ of prohibition . . . will not issue if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration. *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980). As the district court had jurisdiction over Floyd's case, a writ of prohibition is not appropriate.

alterations omitted)); *see also Baez v. Disabled Am. Veterans Serv. Found.*, 119 F. Supp. 490, 491 (S.D.N.Y. 1954) (providing that "[p]roper nouns and proper adjectives are capitalized" and a "proper name or noun" means "[a] name distinguishing some individual person . . . place . . . or thing" as "opposed to [a] common noun," which is "[a] noun or name *denoting any one of a class [or] . . . denoting a class or aggregate*" (citing the Merriam-Webster Dictionary) (emphasis added)). As a common noun, the term denotes any one of the state prisons and not a specific prison as posited by Floyd.

Second, we recognize that the use of a definite article (the) can limit the scope of the noun following it. *See Poole v. Nev. Auto Dealership Inv., LLC*, 135 Nev. 280, 291 n.5, 449 P.3d 479, 488 n.5 (Ct. App. 2019). However, given that there was more than one state prison when the statute was enacted (as Floyd concedes in his petition) and that the statute does not say "the Nevada State Prison," context does not dictate a specific state prison where executions must take place. *See Wyers v. Am. Med. Response Nw., Inc.*, 377 P.3d 570, 578 (Or. 2016) (recognizing that "the use of the definite article is not always, so to speak, definitive" and that "[i]ts use in context may reveal an intention to encompass less categorically specific referents").

Lastly, Floyd's interpretation is unreasonable because it would frustrate the purpose of NRS 176.355—to establish a procedure for carrying out a death sentence. *See Sparks v. State*, 121 Nev. 107, 110-11, 110 P.3d 486, 488 (2005) ("Where legislative intent can be clearly discerned from the plain language of the statute, it is the duty of this court to give effect to that intent and to effectuate, rather than nullify, the legislative purpose."); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of*

*Legal Texts* 63 ("A textually permissible interpretation that furthers rather than obstructs the document's purpose should be favored.").

Having considered Floyd's argument and concluded it is without merit, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                                            Stiglich

_____, J.        _____, J.
Cadish                                               Silver

_____, J.        _____, J.
Pickering                                          Herndon


cc:    Hon. Michael Villani, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk