## CHILS *v.* GRONLUND *et al.*

*(Circuit Court, S. D. New York.* February 10, 1890.)

NEW TRIAL—REMITTITUR—SEPARATE AMOUNTS AGAINST JOINT DEFENDANTS.
In an action for joint tort, where the court grants defendants' motion for new trial unless the plaintiff remits a portion of the verdict, the plaintiff cannot have the requirement modified to a *remittitur* of different sums, according to the proofs against each of the defendants, and for separate judgments thereon.

At Law. On motion to modify *remittitur*. For opinion on motion to set aside verdict, see *ante,* 145.

*Walter M. Rosebault,* for plaintiff.
*Henry M. Gescheidt,* for defendants.

WHEELER, J. Upon the filing of the decision herein granting the defendants' motion for a new trial unless the plaintiff remits to $1,064.32, for reasons stated, the plaintiff moved to have the requirement modified to a *remittitur* of different sums, according to the proofs against each of the defendants, and for separate judgments thereon, and for lessening the amount of the *remittitur* so as to allow the verdict to stand for damages for the loss of sales by the plaintiff by reason of the 1,500 copies sent to Sweden. *Lovejoy* v. *Murray,* 3 Wall. 1; *Insurance Co.* v. *Boykin,* 12 Wall. 433; *Chaffee* v. *U. S.,* 18 Wall. 516; *Sawin* v. *Kenny,* 93 U. S. 289; and *Sessions* v. *Johnson,* 95 U. S. 347,—are cited in support of the proposition for separate judgments for different amounts. None of these cases is understood to go further than to hold that in actions against several defendants, founded on torts, the verdict may be for some defendants, and against others, according to the evidence. In *Insurance Co.* v. *Boykin,* separate judgments, for several different amounts, were rendered; but that was done upon an express stipulation of the parties, and Mr. Justice STRONG appears to have dissented to that. That but one judgment against the defendants in an action at law for a joint tort, and for such damages only as both or all are liable for, can be rendered, seems to be very plain. Any separate liability of one must be sued for separately, or judgment be taken against that one alone. If the plaintiff should file a *remittitur* of one sum as to one defendant, and of another as to the other, the verdict would be left standing against both for joint damages to the smallest amount left by the *remittitur,* and against one for the difference between the two amounts. On that, judgment for the smallest amount only could properly be rendered against both.

The printing of the 1,500 copies sent to Sweden was, as stated, an unlawful invasion of the plaintiff's copyright. For this the plaintiff was entitled to recover nominal damages, and such further actual damages as he should show resulted; and for it he is entitled to have the verdict stand to such an amount as such damages were shown by adequate proof, and found by the jury. Those sent there would not displace the plaintiff's sales here before they were sent. Those kept by the defendant there would not displace the plaintiff's sales anywhere. Those sold by

the defendants there would not displace the plaintiff's sales'there, if the damages for that would be recoverable; for he did not sell there. If they were sold there, and brought here, they might displace sales here. There was no evidence that any such were brought here, except the plaintiff's loss of sales which might be inferred to arise from the supply from the defendants coming from there in the hands of immigrants, or from those disposed of here. For all of those losses the verdict is allowed to stand by the *remittitur* before required. That appears to have been the utmost limit to which the plaintiff was entitled to have the jury go, upon the evidence. This would leave them to find that the entire diminution of the plaintiff's sales, from the time of the appearance of the defendants' book, past the commencement of the suit, down to the time of trial, resulted from the books of the defendants disposed of by them before the commencement of the suit. The defendants strenuously insist that this was too much; but to that extent it was within the province of the jury. The finding of so much beyond may be accounted for by failure to give weight to the effect of a recovery by the plaintiff of the copies of the defendants' book in possession of the defendants. If the plaintiff feels that the *remittitur* required to save the verdict is too large, his right of recovery in this action will be left to him if he omits to file it, and lets the verdict be set aside. Motion to modify denied.