MUSE *v.* STATE.

(*Nashville.* December 22, 1900.)

1. CRIMINAL PRACTICE. *Issue sufficiently shown, when.*

Where it appears, from the record, that the jury, in a felony case, were sworn "to try the issue joined," there will be no reversal on account of the absence from the record of any formal entry of a plea by the defendant and issue thereon.

Code construed: § 7217 (S.); § 6083 (M. & V.); § 5242 (T. & S.).

Case cited and distinguished: Lynch *v.* State, 99 Tenn., 124.

2. BILL OF EXCEPTIONS. *Must be filed in time.*

When the time for filing bill of exceptions is extended, under Act of 1899, beyond the close of the trial term, it must affirmatively appear that it was filed with the clerk within the time allowed, in order to make it a part of the record.

Act construed: Acts 1899, Ch. 275.

Case cited: Bettis *v.* State, 103 Tenn., 339.

---

FROM COFFEE.

---

Appeal in error from Circuit Court of Coffee County. DAN. WILLIAMS, Sp. J.

W. V. WHITSON and B. P. BASHAW for Muse.

Attorney-general PICKLE for State.

BEARD, J. This is a conviction of an assault with intent to commit voluntary manslaughter, with punishment fixed at eleven months imprisonment in the county jail, and the payment of a fine of five hundred dollars.

It is assigned for error that the record fails to show a plea of not guilty. This is true; but it does show that the jury were sworn "to try the issues joined," the necessary inference from which is that this plea was interposed.

In this respect the case differs from *Lynch* v. *State,* 99 Tenn., 124, which is relied on by plaintiff in error. There the entry on the minutes failed to show a plea or anything from which its existence could be implied. For this reason that case was reversed. Here, however, it being clearly implicable that such plea was filed, the statute forbids a reversal because the Clerk of the Court omitted to file or enter it of record. Code (Shannon), § 7217.

The assignment of error however, most earnestly pressed upon the Court, is, that the evidence does not warrant conviction. But in the condition of the record we cannot consider this assignment. The trial Judge, in overruling the motion for a new trial, allowed plaintiff in error thirty days within which to make and file his bill of exceptions. There is in the transcript a paper so entitled, but there is nothing to indicate that it was ever filed.

Muse *v.* State.

In *Bettis* v. *State,* 103 Tenn., 339, a bill of exceptions was filed four days after the time allowed for its preparation. In the opinion it was suggested that there might be a doubt whether Chapter 275 of the Acts of 1899, allowing parties desiring to appeal to this Court thirty days in which to prepare a bill of exceptions, was intended to apply to criminal · causes. But conceding that it did, it was held that the bill of exceptions in that case came too late. Since then we have had occasion to review the statute in question, and have announced in one or more of such cases that it does. Under this Act the bill of exceptions must not only be prepared, but filed within the extended period. To become a part of the record it must affirmatively appear that it was filed with the proper officer within the period of extension. *Jones* v. *Moore, Clerk, etc.,* and *Tucker* v. *Same,* opinion present term.

It is not improper to say that we have carefully examined the papers sent up as a bill of exceptions, and even if properly filed, would not be inclined to interfere with the judgment of the trial Court.

Affirmed.