Jones *v.* Moore.and Tucker *v.* Moore.

JONES *v.* MOORE,

AND

TUCKER *v.* MOORE.

(*Nashville.* December 22, 1900.)

1. REPLEVIN. *Does not lie against receiver.*

Replevin does not lie against a receiver appointed by a Court to recover property impounded and placed in his hands by the Court. ·

2. BILL OF EXCEPTIONS. *Must be filed in time.*

Where time is given by order of Court beyond the close of the trial term for preparation and filing of bill of exceptions, the record must show affirmatively that the bill of exceptions was filed with the clerk within the time allowed.

Acts construed: Acts 1899, Ch. 275.

FROM DEKALB.

Appeal in error from Circuit Court of DeKalb County. M. D. SMALLMAN, J.

WEBB & CANTRELL for Jones and Tucker.

WADE & ROBINSON for Moore.

BEARD, J. These cases were heard together. They are actions of replevin. In each case the Court below entered a judgment of dismissal, and for the value of the property replevined, upon the ground that it was taken under the writ from the control and possession of a receiver, appointed by a Court of competent jurisdiction in a cause then pending, and that the action was instituted and the writ executed without the consent of that Court. This action is made the basis of error assigned by the respective plaintiffs in error.

These causes must be considered by us on the record entries alone. For while in each transcript we find what is entitled a bill of exceptions, yet in neither can the plaintiff in error avail himself of it as such. In each the trial Judge gave thirty days from the date of overruling the motion for new trial to prepare a bill of exceptions. In the case of *Tucker* v. *Moore* the record shows that more than thirty days elapsed before the bill of exceptions was filed. This was too late. *Bettis* v. *State,* 103 Tenn., 339.

In the case of *Brunette Jones* v. *Moore* the record fails to show when the paper purporting to be a bill of exceptions was field. Under Chapter 275 of the Acts of 1899 filing within thirty days is essential, and this is defined to be a delivery of the paper in question "into the actual custody of the Clerk, to be kept by him among the files, subject to the inspection of the

parties." Ency. Pl. & Pr., 923. And the record must affirmatively show that this was done. *Muse* v. *State, ante,* p. —, opinion present term. The mere bodily presence of the paper in the transcript, without more, is not sufficient. The result is that we are bound to assume that the trial Judge was warranted in finding that the property involved was wrongfully taken out of the custody of a duly appointed receiver without the permission of the Court appointing him. Such a proceeding cannot be tolerated. It is well settled that property in the hands of a receiver is *in custodia legis,* and cannot be interfered with by process of another Court. *Morrill* v. *Noyes,* Am. L. R., Vol. 3, p. 21, cited and approved in *Conley* v. *Deers, etc.,* 11 Lea, 274; 20 A. & E. E. of Law, 1st ed., pp. 141 *et seq.,* and notes.

Judgment in each case is affirmed.