WRIGHT *v.* REDD BROS.

(*Jackson.* ·April 16, 1901.)

1. BILL OF EXCEPTIONS. *Must be filed within period of extension.*

Where an extension of· time is granted beyond the term of Court for the preparation and filing of bill of exceptions, it must be not only signed by the Judge, but filed with the Clerk, before expiration of the period of extension; otherwise it cannot be looked to by this Court.

Act construed: Acts 1899, Ch. 275.

Cases cited: Bettis *v.* State, 103 Tenn., 339; Muse. *v.* State, *ante* p. 181; Jones *v.* Moore, *ante* p. 188.

2. SAME. *Presumption in absence of.*

In the absence of a bill of exceptions the presumption is indisputable, in this Court, that the conclusion reached by the jury is that which the evidence required.

Cases cited: Scruggs *v.* Heiskell, 95 Tenn., 455; Pratt *v.* Gillespie, 97 Tenn.. 217; Daniel *v.* Coal Co., 105 Tenn., 471.

---

FROM DYER.

---

Appeal in error from Circuit Court of Dyer County. THOS. J. FLIPPIN, J.

BELL & GORDON and S. H. WILLIAMS for Wright.

LATTA & LATTA and DRAPER & RICE for Redd Bros.

CALDWELL, J. This is an appeal in error by J. F. Wright, the unsuccessful defendant, in an action of replevin for the possession of two mules.

The substance of the only assignment of error is that there is no evidence to support the verdict, in that undisputed testimony shows that the mules involved were under mortgage to a third person, and, consequently, not subject to the possessory action of the plaintiffs, Redd Bros.

This objection calls for an investigation of the proof in the case, which, for the lack of a proper bill of exceptions, is not before us. The transcript contains what was intended as a bill of exceptions, with a detailed statement of the evidence introduced before the jury, but it cannot be regarded as a part of the record, and for that reason cannot be considered in this Court.

The appeal was granted at the end of the term, on December 22, 1900, and the defendant was, by order of the trial Judge, allowed fifteen days from that day for the preparation of his bill of exceptions. The bill of exceptions was signed by the Judge January 6, 1901, the last day of the extension, but was not "filed" by the Clerk until January 9, three days later. This was too late. Section 1 of Chapter 275 of the Acts of 1899, which is the only authority for extending time for the preparation of a bill of exceptions beyond the close of the term at which the case is tried, requires imperatively that it

Wright *v.* Redd Bros.

shall be both prepared and filed within time allowed for that purpose; and if filed after the expiration of that time it is as if not filed at all, and of no effect whatever. *Bettis* v. *State,* 103 Tenn., 339; *Muse* v. *State, ante,* 181; *Jones* v. *Moore, ante,* 188.

In the absence of a bill of exceptions the presumption is indisputable that the conclusion reached by the jury is that which the evidence required. *Scruggs* v. *Heiskell,* 95 Tenn., 455; *Pratt* v. *Gillespie,* 97 Tenn., 217; *Daniel* v. *Coal Co.,* 105 Tenn., 471.

Affirmed.