Railway & Light Co. v. Trawick.

NASHVILLE RAILWAY & LIGHT COMPANY *et al. v.* A. M.
TRAWICK.

'(*Nashville.*   December Term, 1906.)'

1. **BILLS OF EXCEPTIONS.** Filed after proper time are not a
   part of record, and cannot be considered on appeal.

   Assignments of error going to the merits of the case and based
   upon a bill of exceptions not properly a part of the record, for
   the reason that it was filed after the time allowed by the order
   of the trial judge when the final judgment was rendered, can-
   not be considered on appeal. (*Post, p.* 275.)

   Cases cited and approved: Bettis v. State, 103 Tenn., 339; Muse
   v. State, 106 Tenn., 181; Jones v. Moore, 106 Tenn., 188; Wright
   v. Redd, 106 Tenn., 719; Hinton v. Insurance Co., 110 Tenn.,
   118.

2. **SAME.** Minute entries are a part of the record.

   .Minute entries are a part of the record without a bill of excep-
   tions, and assignments of error based upon such entries may be
   considered on appeal. (*Post, pp.* 275, 276.)

3. **VERDICTS.** Against joint defendants in actions of tort should
   be joint as to all found guilty, and not several.

   Where two or more parties are sued jointly for personal injur-
   ies, trespass, or other tort, and both or all are found guilty, the
   jury cannot assess several damages against each defendant, but
   the damages must be assessed jointly, against all found guilty
   jointly, although all may not be equally culpable. (*Post, pp.*
   276-279.)

   Cases cited and approved: Railroad v. Jones, 100 Tenn., 512, and
   citations; Gaslight Co. v. Lansden, 172 U. S., 553; Chils v. Gron-
   land (C. C.), 41 Fed., 505; Jones v. Grimmet, 4 W. Va., 104;
   Crawford v. Morris, 5 Grat. (Va.), 90; Bohun v. Taylor, 6 Cow.
   (N. Y.), 313; Wakely v. Hart, 6 Bin. (Pa.), 316; Bostwick v.
   Lewis, 1 Day (Conn.), 34.

   118 Tenn—18

Railway & Light Co. v. Trawick.

4. **SAME. Same. Proper judgment on verdict improperly assessing several damages in tort, and proper method of correcting improper judgment.**

Where, in an action against two parties sued jointly for personal injuries, a verdict is found and returned in favor of plaintiff against both defendants, but improperly assessing several damages, and judgment is entered against each defendant for the separate sums so assessed, the court may, on motion of plaintiff, even after judgment is entered, dismiss the case, as to one defendant, after granting a new trial as against him, and render judgment against the other alone for the amount of the verdict awarded against him.   (*Post, pp.* 278-283.)

Cases cited and approved:   Davis v. Chance, 2 Yerg., 94; and other cases in the opinion, on page 281.

Case cited and distinguished:  Knott v. Cunningham, 2 Sneed, 205.

5. **SAME. Same. Same. Excessive and improper judgment on verdict corrected in supreme court by remittitur.**

Where the lower court improperly entered judgment on the verdict against one defendant for the sum of the several assessments of damages awarded against each defendant in tort, the supreme court may upon appeal permit the plaintiff to remit the excess and enter judgment for the sum awarded against the defendant against whom the plaintiff elected to take judgment. (*Post, p.* 283.)

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County.—J. A. CARTWRIGHT, Judge.

J. J. VERTREES, J. C. BRADFORD, and R. F. JACKSON, for Railway & Light Company.

PARKS & BELL and P. D. MADDIN, for Trawick.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an action for damages for personal injuries. It was brought against the Nashville Railway & Light Company and the city of Nashville jointly. There was a trial before a jury in the court below, resulting in a verdict and judgment for the plaintiff; and the defendant railway and light company has appealed to this court. A new trial was awarded the city of Nashville, and thereupon the suit was dismissed as to it. Numerous errors are assigned by the railway and light company going to the merits of the case and based upon the bill of exceptions. These cannot be considered, inasmuch as the bill of exceptions is not properly a part of the record, having been filed after the time allowed by order of the trial judge when the final judgment was rendered. *Wright* v. *Redd Bros.,* 106 Tenn., 719, 63 S. W., 1120; *Hinton* v. *Insurance Co.,* 110 Tenn., 118, 72 S. W., 118; *Jones* v. *Moore,* 106 Tenn., 188, 61 S. W., 81; *Muse* v. *State,* 106 Tenn., 181, 61 S. W., 80; *Bettis* v. *State,* 103 Tenn., 339, 52 S. W., 1071.

A question is made, however, as to the validity and legality of the verdict and judgment of the court below, and this, being based upon the minute entries, can be

considered, since such entries are a part of the record without a bill of exception.

The jury returned a verdict that "they found the issues in favor of the plaintiff, and by reason of the premises assess his damages in the sum of $7,250. Seven thousand dollars of this amount the jury awarded to the plaintiff A. M. Trawick and againt the Nashville Railway & Light Company, and the costs, for which let *fi. fa.* issue. And they find for the plaintiff and against the defendant mayor and city council of Nashville in the sum of $250 and costs, for which let *fi. fa.* issue."

The court upon this verdict rendered judgment as follows: "It is therefore ordered, adjudged, and decreed by the court that the plaintiff recover of defendants the respective sums of $7,000 against the Nashville Railway & Light Company and $250 against the mayor and city council of Nashville, making in all the sum of $7,250, and the costs of this cause, for all of which let *fi. fa.* issue."

The Nashville Railway & Light Company moved in arrest of judgment upon the ground that there should have been but one judgment, and that the judgment for separate amounts against each of the defendants— $7,000 against the Nashville Railway & Light Company and $250 against the mayor and city council of Nashville—was unlawful and void. This motion was denied.

The motion in arrest of judgment is as follows:

"Defendant Nashville Railway & Light Company moves the court that the judgment in this case be arrested on the ground and for the reason that under the pleadings in this cause there could be but one judgment; that there could not be and ought not to have been judgment for separate amounts against each of the defendants, to wit, $7,000 against the Nashville Railway & Light Company and $250 against the defendant mayor and city council; and that in this case, which was on a tort against both defendants, verdict and judgment thereon for separate amounts against each defendant were not lawful or admissible, and are void."

The Nashville Railway & Light Company moved the court to change the verdict, as already entered upon the minutes, so that, instead of its reading that the jury found the issues in favor of the plaintiff and assessed his damages at $7,250, of which it assessed or awarded the plaintiff $7,000 against the railway and light company and $250 against the mayor and city council of Nashville, that portion of it would read that they found the issues in favor of the plaintiff as against the Nashville Railway & Light Company and assess his damages against the Nashville Railway & Light Company in the sum of $7,000, and that they further find the issues in favor of the plaintiff and against the mayor and city council of Nashville and assess his damages against the mayor and city council of Nashville in the sum of $250.

A number of jurors were called into open court, on

April 20, 1906, and examined with reference to what they had found and reported.

The evidence of the jurors as to what they intended we cannot consider, as it is not properly made a part of the record, but is contained in the rejected bill of exceptions.

The plaintiff moved the court for a new trial as to the mayor and city council of Nashville, which was granted, and the plaintiff then dismissed the case as to the mayor and city council. Plaintiff's counsel, at the time he made the motion, stated to the court and to all the parties that it was his intention, if the court granted the motion for a new trial, to dismiss the suit as to the mayor and city council of Nashville.

After the suit had been dismissed as to the mayor and city council of Nashville, the plaintiff moved the court to render a judgment in favor of the plaintiff and against the Nashville Railway & Light Company for $7,250, and to disregard the apportionment of the damages which the jury had undertaken to make. The court granted this motion and gave a judgment accordingly.

We think the verdict rendered by the jury was irregular and erroneous.

In *Railroad* v. *Jones*, 100 Tenn., 512, 45 S. W., 681, it was held, in substance, that when two or more persons are charged with a joint trespass, and both, or all, are found guilty, the jury cannot assess several damages, but they must be assessed jointly, against all jointly, although all may not be equally culpable. Quite a num-

ber of cases are cited in that opinion, and to these may be added a great weight of authority holding the same doctrine. *Jones* v. *Grimmet,* 4 W. Va., 104; *Crawford* v. *Morris,* 5 Grat. (Va.), 90; *Bohun* v. *Taylor,* 6 Cow. (N. Y.), 313; *Wakely* v. *Hart,* 6 Bin. (Pa.), 316; *Bostwick* v. *Lewis,* 1 Day (Conn.), 34; *Washington Gaslight Co.* v. *Lansden,* 172 U. S., 553, 19 Sup. Ct., 296, 43 L. Ed., 543; *Chils* v. *Gronlund* (C. C.), 41 Fed., 505.

The question is now presented whether this irregularity, and the subsequent steps taken, vitiate the judgment and verdict, or whether, as finally entered, the judgment was correct and warranted.

The contention of the defendant is that the verdict and judgment were void, and could not be validated by any act of the trial judge. The insistence of the plaintiff is that the judgment was merely irregular, but not void, and that proper judgment could be rendered thereon.

It is contended that the verdict is complete when it finds the issues in favor of the plaintiff and assesses his damages at the sum of $7,250, and that the remainder of the verdict, apportioning this amount separately, is mere surplusage, and might have been stricken out. But, if this view be not correct, then the plaintiff could ask for judgment against the light company for $7,250, and dismiss as to the city; and that is virtually what was done.

In regard to verdicts of this character, there appears to be four distinct lines of procedure laid down by the authorities. The first class holds that the verdict

should be set aside and a new trial awarded. *Whitaker* v. *Tatem,* 48 Conn., 520; *Washington Gaslight Co.* v. *Lansden,* 172 U. S., 553, 19 Sup. Ct., 296, 43 L. Ed., 543; *Chils* v. *Gronlund* (C. C.), 41 Fed., 505.

The second class holds that where the jury finds the amount of damages to which the plaintiff is entitled, and finds each of the defendants guilty, this fixes the plaintiff's right to recover the full amount against the guilty parties, and that the effort of the jury to apportion the damages among the several guilty defendants is mere surplusage, and the plaintiff may take judgment against all for the total damages awarded. This is the holding of *Post* v. *Stockwell,* 34 Hun (N. Y.), 373; *Central Pass. Ry.* v. *Kuhn,* 86 Ky., 578, 6 S. W., 441, 9 Am. St. Rep., 309; *Currier* v. *Swan,* 63 Me., 323; *Beal* v. *Finch,* 11 N. Y., 128.

The third class holds that the plaintiff may elect his best damages, and enter judgment for this sum against all the defendants found guilty jointly. Cases holding this view are *Halsey* v. *Woodruff,* 9 Pick. (Mass.), 555; *Dougherty* v. *Dorsey,* 4 Bibb (Ky.), 207; *Sodousky* v. *McGee,* 27 Ky., 267; *Hoffman* v. *Schwartz,* 11 Civ. Proc. R. (N. Y.), 200; *Beal* v. *Finch,* 11 N. Y., 128.

The fourth class, which contains the great weight of authority, holds that the plaintiff may select which one of the defendants he will take judgment against, and may enter a *nolle prosequi* as to the others, and have his judgment against this one in the amount the jury awarded against him, and this cures the irregularity

in the verdict awarding several damages.  Some of the authorities holding this view are:  Sutherland on Damages (3d Ed.), p. 1268, col. 2; Caruthers' History of a Lawsuit (4th Ed.), p. 295, sec. 34; *Davis* v. *Chance,* 2 Yerg., 94; *Warren* v. *Westrup,* 44 Minn., 237, 46 N. W., 347, 20 Am. St. Rep., 578; *Crawford* v. *Morris,* 5 Grat. (Va.), 90; *St. L. & T. H. R. R.* v. *South,* 43 Ill., 176, 92 Am. Dec., 103; *Hardy v. Thomas,* 23 Miss., 544, 57 Am. Dec., 152; *Ammonett* v. *Harris,* 1 Hen. & M. (Va.), 488; *Bulkley* v. *Smith,* 1 Duer (N. Y.), 643; *Holly* v. *Mix,* 3 Wend. (N. Y.), 350, 20 Am. Dec., 702. The English authorities are:  *Saloman* v. *Smith,* 1 Saunders, K. B., 207; *Mitchell* v. *Millbank,* 6 Term Rep., 199; 1 Tidd's Practice, p. 682; *Rodney* v. *Strode,* 3 Mod., 101 (s. c., Carthews, 19), cited in *Heydon's Case,* 11 Coke, 7a, 7b, in vol. 6, State Library.

Caruthers' History of a Lawsuit (Edition of 1866), p. 239, sec. 374, says:

"The same damages must be found against all the defendants jointly.  It is a joint right of the plaintiff, and, if a verdict separates the defendants in regard to the damages, they will be instructed to retire and find the damages joint.  If that is not done, if they have rendered their judgment for separate damages against different defendants, it is said in 1 Parsons on Contracts, 28, that the plaintiff may elect which sum he will, and, remitting the others, enter judgment for this sum against all the defendants.

"In *Davis* v. *Chance,* 2 Yerg., 94, it is said that in

such case 'the plaintiff must elect to take judgment against only one of the defendants for the amount found against him, and enter a *nolle prosequi* as to all the other defendants.'

"It would seem that the error of the jury ought not to deprive the plaintiff of his right to a joint judgment against all the wrongdoers, and that the highest amount the jury had given against any one of the defendants was deemed by them due compensation only for the injury."

In the case of *Davis et al.* v. *Chance*, 2 Yerg., 94, it was held that if several defendants, sued in trespass, plead jointly, and they are all tried together at the same time, there should be but one assessment of damage, and one judgment upon it, or if, when all tried together at the same time, there be several damages assessed, there can be only one judgment upon one of these assessments, and a *nolle prosequi* as to the others.

The holding in the case of *Davis* v. *Chance*, 2 Yerg., 94, as to the feature of the case we are now considering, has not been overruled or changed in any way, and is not contrary to the holding in *Knott* v. *Cunningham*, 2 Sneed, 205.

We think that the great weight of authority is to the effect that such an error or irregularity in the verdict and judgment in the court below can be remedied by the mode of proceeding followed in this case; and what was done in this case is virtually in accord with the authorities we have cited.

Railway & Light Co. v. Trawick.

It is said, however, that the *nolle prosequi* should have been entered before judgment, and the inferential argument is made that it could not be done afterwards; but such was not the holding in *Davis* v. *Chance,* for in that case the judgments of the court below were reversed in this court, and the cause was remanded to the court below, that the plaintiff might enter there a judgment against one or the other of the defendants, at his election, for the damages assessed to him, against whom he shall take judgment, entering a *nolle prosequi* as to the others.

We can see no good reason why the plaintiff might not remit $250 of this judgment against the light company in this court, and that company cannot complain.

It follows that the judgment of the court below must be affirmed (less the amount of $250 remitted) ; that is, judgment will be entered here against the light company in favor of the plaintiff for $7,000, without interest, and for costs.