STATE *ex rel.* PARTIN *v.* DYKES, COUNTY SUPERINTENDENT.

(*Jackson*, April Term, 1935.)

Opinion filed June 10, 1935.

·JEFF FULTS, of Tracy City, for plaintiff in error.

W. C. ABERNATHY, of Tracy City, for defendant in error.

. MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

. A motion is made herein to affirm the judgment of the court below because the bill of exceptions was not filed with the clerk of the court below within the time allowed.

The errors relied on to reverse the judgment of the lower court are not available, unless we can look to the bill of exceptions.

The motion to affirm must be granted. The motion for a new trial in the circuit court was overruled March 16, 1934, and thirty days granted to plaintiff in error in which to perfect his appeal and "to prepare and have filed his bill of exceptions."

The bill of exceptions was signed by the trial judge on April 14, 1934. The bill of exceptions does not appear to have been marked as filed by the clerk of the circuit court at all. A certificate of the clerk is sent up, of date April 21, 1934, six days after the time for filing a bill of exceptions had expired, in which he states "that he has not to this day received a bill of exceptions from anyone to be filed in his office" in said case. The bill of exceptions included in the transcript is marked "Filed on this April 14, 1934, L. R. DARR, Judge."

This is no proper filing of a court paper. The clerk of a court is designated by law as the depositary of court records. He is provided with an office and equipment for keeping such records, where they are always available for inspection by parties interested. The judge is not a custodian of such documents. He has no office equipped for that purpose. The judge is here and there over his circuit. How could the status of a case in any court be ascertained unless there was a fixed place for the records? The place fixed by law is the office of the clerk.

The question presented has been heretofore determined by this court in *Jones* v. *Moore,* 106 Tenn., 188, 61 S. W., 81, 82. Construing chapter 275 of the Acts

of 1899, permitting the filing of a bill of exceptions after adjournment of the term of court (upon which statute sections 8820 and 8821 of the Code are founded), the court said:

"Under chapter 275 of the Acts of 1899, filing within 30 days is essential, and this is defined to be a delivery of the paper in question 'into the actual custody of the clerk, to be kept by him among the files, subject to the inspection of the parties.' Enc. Pl. & Prac. 923. And the record must affirmatively show that this was done."

In a number of cases the court has declared that a bill of exceptions must not only be signed by the trial judge but filed within the time allowed. Among these cases are *Jackson* v. *Bell,* 143 Tenn., 452, 226 S. W., 207; *Hinton* v. *Sun Life Ins. Co.,* 110 Tenn., 113, 72 S. W., 118; *Wright* v. *Redd Bros.,* 106 Tenn., 719, 63 S. W., 1120. The place to file such a document is with the clerk.

After the argument of this case, time was requested by counsel in which to prepare an additional brief. The record has only recently reached the hands of the court. Hence the delay in disposition of this matter heard earlier in the term.

Affirmed.