**Geraldine McCAIN and Robert H. Allen, Plaintiffs in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 22, 1971.

Certiorari Denied as to McCain by Supreme Court Feb. 7, 1972.

Seth Norman, Nashville, for plaintiffs in error.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, for defendant in error.

OPINION

OLIVER, Judge.

Geraldine McCain and Robert H. Allen, represented by retained counsel, were convicted of grand larceny in the Circuit Court of Williamson County under a presentment charging them and one Gloria Moss with stealing $287 from J. E. Nolen, Sr. Upon motion of McCain and Allen, their case was severed from that of Gloria Moss who was a fugitive at the time of the trial. McCain was sentenced to confinement in the penitentiary for three years and Allen for not less than three nor more than five years. They have duly perfected an appeal in the nature of a writ of error to this Court.

In their two Assignments of Error here, as they did in their motion for a new trial, the defendants challenge the sufficiency of the evidence to warrant and sustain the verdict of the jury.

■ But we cannot reach the merits of this case because the purported Bill of Exceptions was not authenticated and signed by the trial court until 10 days after expiration of the time allowed for filing a Bill of Exceptions. The trial court overruled the motion for a new trial on January 27, 1970 and allowed 60 days for filing the Bill of Exceptions. Notwithstanding the record shows that the court reporter completed and certified the trial transcript on March 16, 1970, it was not signed by the trial judge until the following April 7th— 70 days after the entry of the order overruling the motion for a new trial and allowing 60 days for filing of the Bill of Exceptions.

■ The time requirements set forth in T.C.A. § 27–111 are mandatory, and a Bill of Exceptions not filed within the statutory time is a nullity and cannot be considered for any purpose in the appellate court. Thomas v. State, 206 Tenn. 633, 337 S.W. 2d 1; Collier v. State, 202 Tenn. 689, 308 S.W.2d 427; DuBoise v. State, 200 Tenn. 93, 290 S.W.2d 646; Arrants v. Sweetwater Bank and Trust Company, 55 Tenn. App. 631, 404 S.W.2d 253. Such has been the law of this State for more than a hundred years. Clark v. Lary, 35 Tenn. 77 (1855); Bettis v. State, 103 Tenn. 339, 52 S.W. 1071 (1899); Muse v. State, 106 Tenn. 181, 61 S.W. 80 (1900); Jones v. Moore, 106 Tenn. 188, 61 S.W. 81 (1900); Wright v. Redd Bros., 106 Tenn. 719, 63 S.W. 1120 (1901); Hinton v. Sun Life Ins. Co., 110 Tenn. 113, 72 S.W. 118 (1902); Nashville Railway & Light Co. v. Trawick, 118 Tenn. 273, 99 S.W. 695 (1906).

■ It was also settled long ago in this State that where a proper Bill of Exceptions has not been filed the appellate court cannot review anything other than the technical record. Nelms v. State, 219 Tenn. 727, 413 S.W.2d 378; Thomas v. State, 206 Tenn. 633, 337 S.W.2d 1; State ex rel. Tines v. Bomar, 205 Tenn. 572, 329 S.W.2d 813; DuBoise v. State, supra; Jones v. Moore, supra; Sims v. State, Tenn.Crim.App., 448 S.W.2d 93.

This is so because the appellate court has no jurisdiction, authority or power to consider a Bill of Exceptions filed after expiration of the time allowed therefor by statute. O'Brien v. State, 205 Tenn. 405, 326 S.W.2d 759.

■ Because a late Bill of Exceptions is a nullity and the appellate court has no jurisdiction to consider it, the Court will notice such a defect on its own motion. Collier v. State, supra.

Clearly, the defendants being non-indigent and represented both in their trial and upon this appeal by privately retained counsel, no "State-action" is involved in this case. State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218. No reason whatever appears in this record to explain why the trial transcript certified by the official court reporter on March 16, 1970 was not seasonably signed by the trial judge.

Having carefully examined and considered the technical record, to which we are unquestionably restricted under the foregoing authorities, and finding no prejudicial error therein, the judgment of the trial court is affirmed.

GALBREATH, J., did not participate in this opinion.

RUSSELL, J., concurs.