E. W. LAMBERT, Sr., and E. W. Lambert, Jr., Complainants-Appellants,

v.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, and Marx & Bensdorf, Inc., Defendants-Appellees.

Supreme Court of Tennessee.

March 20, 1972.

Wilson S. Ritchie, Knoxville, Albert C. Harvey, Memphis, for complainants-appellants.

John R. Dunlap, Lawler, Humphreys & Dunlap, W. Emmett Marston, Martin, Tate, Morrow & Marston, Memphis, for defendants-appellees.

## OPINION

HUMPHREYS, Justice.

As this case stands here, it is a suit by appellants on an amended bill seeking specific performance of a contract to furnish financing of the construction of apartment buildings in the amount of $2,910,000.00, and for damages for breach of the contract. To which suit the chancery court sustained appellees' demurrers, on the ground the contract was void under the Statute of Frauds.

There is a motion to dismiss the appeal, because the assignments of error, brief and argument were not filed as required by Rule 14 of this Court. The filing was due to be made on the 23rd day of September but was not made until the 27th day. The excuse offered by affidavit is that the secretary to whom the filing had been left arrived at a Knoxville Post Office too late to post it. Absence of any particular prejudice to appellees is also asserted as an excuse.

■ This is not enough to avoid the rule. It is self-evident that the violation of this rule cannot be excused on the first ground mentioned, secretarial shortcoming. It is the duty of counsel to comply with the rules of this Court, not secretaries. It would be better to do away with the rules than to excuse their violation on this ground.

■ The violation of the rule cannot be excused on the ground that no prejudice to appellees is shown. Although referred to in connection with other more substantial excuses, in cases excusing violation of this

rule, upon consideration of the purpose of the rule this is not a valid excuse. The rule is not for the benefit of the appellee, but for the benefit of this Court. It is directed at one of the most important objectives of this Court: the prompt dispatch of judicial business. This Court is jealous of its record of disposing of cases before it and is not willing to see compliance with its rules, directed toward this end left in their enforcement to the circumstance of a particular prejudice being shown.

■ However, before finally ruling on the motion to dismiss, we should mention that the record and briefs have been considered and that we agree with the Chancellor, that the contract sued on violates § 23–201(4) T.C.A., providing that "any contract for the sale of lands . . . . for a longer term than one year" will not support an action unless the agreement "shall be in writing and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized."

Summarized, this is a suit for breach by Home Federal and Marx & Bensdorf of an alleged contract to lend the Lamberts $2,910,000.00, to be accompanied by the transfer by the Lamberts of an interest in real property as security for the loan. It was claimed by the Lamberts that the loan was to be used for the construction of 412 apartment units and was to be advanced in four phases. It was alleged that each advance was to be evidenced by a note having a maturity of twenty-five years secured by deed of trust on the land on which the apartments were to be built. That a permanent commitment for the construction of ninety-six apartment units was issued by Home Federal, and a construction loan in the amount of $672,000.00 was made by Marx & Bensdorf, Home Federal's agent. This construction loan was evidenced by a one-year note and trust deed to Marx & Bensdorf.

To meet the requirements of the Statute of Frauds, the Lamberts produced memoranda which they contended would, when considered in connection with this mortgage to Marx & Bensdorf, furnish written memoranda of the transaction which would satisfy the Statute of Frauds. The Chancellor found that the memoranda did not satisfy the Statute of Frauds and gave the Lamberts an opportunity to produce any other memoranda they might have bearing on the transaction which would satisfy the statute. When none was produced, the Chancellor sustained the demurrers of Home Federal and Marx & Bensdorf.

In so doing, we think the Chancellor acted correctly. The memoranda relied on by the Lamberts consists of thirteen documents which, considered separately, and collectively, made no commitments whatsoever by Home Federal or Marx & Bensdorf to lend money to the Lamberts and take a trust deed as security. Nor is any commitment made by the Lamberts to Home Federal and Marx & Bensdorf to accept such a loan and to give a trust deed to secure the same on any described real property.

Marx & Bensdorf is not involved in the memoranda other than by the note and deed of trust for the construction loan of $672,000.00. However, this deed of trust by its terms became null and void upon payment and release, which was and done October 1, 1968; and contains no terms which considered alone or with the thirteen instruments satisfies the statute.

The deed of trust does not, and could not, under its terms, secure any greater amount than the $672,000.00 for which it was intended to furnish security. No other amounts are mentioned in the instrument and there is no language therein indicating any intention that it shall apply to any other loan than the single one mentioned.

■ A mortgage, or a deed of trust, in its legal aspect is a conveyance of an es-

tate or an interest in land and as such within the meaning of the Statute of Frauds. A mortgage or deed of trust of land cannot be made by parol. A promise to make another the owner of a lien or charge upon land is equivalent to sell him such an interest therein, and is within the statute. 49 Am.Jur. Statute of Frauds, § 197.

Restatement, Contracts, § 195, declares that any interest which the law regards as real estate is within the statute.

And in 76 A.L.R. 574, 579; 49 Am.Jur. Statute of Frauds, § 199 at 526, it is held that an oral contract to mortgage or to give security on real estate is unenforceable.

■ It is also the rule that a mortgage cannot be modified or extended by an oral agreement to secure further indebtedness. 37 C.J.S. Frauds, Statute of § 118(2), p. 610.

On the basis of this authority the Lamberts' contention that the trust deed to Marx & Bensdorf to secure the single $672,000.00 loan can be looked to as memorandum satisfying the Statute of Frauds must be rejected.

The rule by which the thirteen instruments exhibited to the bill as memoranda satisfying the Statute of Frauds must be tested is well stated thusly: "The general rule is that the memorandum, in order to satisfy the statute, must contain the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. A memorandum disclosing merely that a contract had been made, without showing what the contract is, is not sufficient to satisfy the requirement of the Statute of Frauds that there be a memorandum in writing of the contract." 49 Am.Jur. Statute of Frauds, §§

353, 363–364. Lee v. Cherry, 85 Tenn. 707, 4 S.W. 835, 4 Am.St.Rep. 800 (1887); Otis v. Payne, 86 Tenn. 663, 8 S.W. 848 (1888), are to the same effect as the above.

Considered in the light of this statement of what is required of memoranda to satisfy the statute, the conclusion is unavoidable that the memoranda does not satisfy the statute.

Our conclusion is that the Chancellor correctly disposed of the case but that this Court must dispose of the appeal by sustaining the motion to dismiss for noncompliance with the rule of this Court with respect to the filing of assignments of error, brief and argument. It is so ordered.

DYER, C. J., CRESON, and Mc-CANLESS, JJ., and JENKINS, Special Justice, concur.

OPINION ON PETITION TO REHEAR

■ The appellants have filed an earnest and courteous Petition to Rehear. By this petition it is initially contended that the Court mistakenly treated the assignments of error, brief and argument as being filed on September 27, 1971, the day they were received by the Clerk, instead of September 24, 1971, the date they were mailed. Even if this contention were correct, the assignments of error, brief and argument would of course still not have been timely filed. We may point out, however, that we are cited to no authority in support of appellants' position, and know of none. Rule 14 states that the "appellant . . . . shall file with the clerk . . . . ." To file with the clerk means actual delivery to the clerk. Cf. State ex rel. Partin v. Dykes, 169 Tenn. 100, 83 S. W.2d 243 (1935); Jones v. Moore, 106 Tenn. 188, 61 S.W. 81 (1900).

The other matters raised in the petition were fully considered in the original opinion, and consequently the petition to rehear is denied.