Frank W. GOANS, Jr., Appellant,

v.

**PRODUCERS TRANSPORT COMPANY,
INC., Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

May 8, 1973.

Certiorari Denied by Supreme Court
Dec. 3, 1973.

John M. Foley, Knoxville, for appellant.

John T. O'Connor, Knoxville, for appel-
lee.

## OPINION

PER CURIAM.

This appeal involves the ownership and/or right to possession of a tractor.

■ It affirmatively appears the exhibits attached to the bill of exceptions were not timely filed. Order overruling motion for new trial which granted 90 days to file the bill of exceptions was entered on October 16, 1972. The bill of exceptions was signed by the chancellor and filed in the clerk's office on January 9, 1973, but the exhibits were not identified and authenticated by the chancellor until January 18, 1973, 94 days after the entry of the order overruling motion for new trial. So we find on the face of the exhibits it is affirmatively shown they are filed four days late causing the bill of exceptions to be incomplete leaving only the technical record before this Court.

"It is settled by repeated decisions of our Supreme Court that the contents of a bill of exceptions cannot be considered for any purpose by appellate court unless it affirmatively appears that it was authenticated by the trial judge and filed with the clerk within the time allowed by law. Jackson v. Bell, 143 Tenn., 452, 455, 226 S.W. 207; Hinton v. Insurance Co., 110 Tenn., 113, 118, 72 S.W., 118; Cronan v. State, 113 Tenn., 539, 542, 82 S.W. 477; Bundren v. State, 109 Tenn., 225, 230, 70 S.W., 368; Wright v. Redd Bros., 106 Tenn., 719, 721, 63 S.W., 1120; Jones v. Moore, 106, Tenn., 188, 190, 61 S.W., 81; Muse v. State, 106 Tenn., 181, 183, 61 S.W., 80.

"This rule, of course, applies to the entire bill of exceptions, and therefore, in order to make exhibits a part of the bill of exceptions it must affirmatively appear that they were authenticated as such by the trial judge and filed by the clerk within the prescribed period." Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn.App. 394, 402.

■ It is clear from the above that all and any part of the record must not only be timely approved by the trial judge but same must be filed with the clerk in the time prescribed.

In this case the late exhibits are essential to the consideration and determination of the issues involved. Included among the several exhibits is the very agreement or contract under which the complainant bases his claim of ownership to the tractor.

■ Since all of the assignments of error are dependent upon the consideration of facts and none are directed solely to matters contained in the technical record, we find ourselves with no choice except to affirm the judgment as entered below. Wilson v. Hafley, 189 Tenn. 598, 226 S.W.2d 308; Kyritsis v. Vieron, 53 Tenn. App. 336, 382 S.W.2d 553.

## OPINION ON PETITION TO REHEAR

Appellant's petition to rehear says our original opinion holding the bill of exceptions was not timely filed overlooked the amendment to T.C.A. 27–110 which provides that a bill of exceptions may be lodged with the Clerk and authenticated and certified by the trial judge at a later date.

The pertinent part of the statute reads as follows:

"Any party not certifying approval of said bill of exceptions or wayside bill of exceptions prior to filing may, within ten (10) days of such filing, file with the clerk of the trial court written objections detailing wherein such party questions the accuracy and/or authenticity of the bill of exceptions, and the trial judge shall make such changes in the bill of exceptions or wayside bill of exceptions, if any, as the truth requires.

"The certificate of approval upon said bill of exceptions or wayside bill of exceptions by the trial judge or chancellor and the authentication of the exhibits by

the *trial judge or chancellor shall be affixed to the bill and the exhibits as soon as practicable after the filing thereof* or after the expiration of the aforesaid ten (10) day period, as the case may be, and such action of the trial judge or chancellor shall comprise the requisite authentication." (emphasis supplied)

The first part of the amendment merely provides a way of correcting errors in the bill of exceptions. In this case it is not insisted any part of the bill of exceptions is erroneous and that part of the statute has no bearing.

■ The principal change brought about by this amendment was to permit an appealing party to preserve a bill of exceptions by lodging same with the clerk when the trial judge was unavailable. The intent and purpose of the amendment does not include the right to alter, amend, or sign a bill of exceptions in a "piecemeal" fashion.

In Battier v. State (1905), 114 Tenn. 563, 86 S.W. 711, it was said:

"It is not necessary that a bill of exceptions be contained in one document. Parts of it may be in the form of exhibits to be inserted in the proper places, according to the directions given therein; *but all of the bill of exceptions,* whether in one or more documents, must be present and examined when it is signed by the judge, and the several papers to be copied must be so marked as exhibits that no mistake in their identity can be made, and it must not be left to the clerk or other person to determine what constitutes any part of the record. The enforcement of this rule is absolutely necessary in order to secure a certain and accurate record of the proceedings of trial courts, and no relaxation of it can be allowed." (emphasis supplied)

See also Frierson v. Smithson (1937), 21 Tenn.App. 591, 113 S.W.2d 778; Wilson v. Tranbarger (1965), 218 Tenn. 208, 402 S. W.2d 449.

■ The amendment in no way relaxes or changes the above rule requiring the trial judge to have before him the entire bill of exceptions including exhibits at the time of his certifying his approval.

■ There is no possible way to construe this code section, as amended, to mean the bill of exceptions may be certified or filed in parts or that the bill of exceptions may be amended or altered after filing. If we hold what appellant is urging us to, the effect of such would be that the trial judge's usual certificate of "THIS IS ALL THE EVIDENCE HEARD IN THIS CAUSE: would be of little or no value because it would be possible to add to or take away from the bill of exceptions after such certification.

For the foregoing reasons the petition to rehear is denied.

SANDERS, J., not participating.