# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 8, 2011 Session

## CHANDA KEITH v. REGAS REAL ESTATE COMPANY, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 135010    Dale C. Workman, Judge**

---

**No. E2011-00337-COA-R3-CV-FILED-DECEMBER 2, 2011**

---

This is a negligence case in which Chanda Keith ("Ms. Keith") filed suit against Regas Real Estate Company ("Regas") and LDB Corporation operating in Tennessee as Mr. Gatti's Incorporated formerly doing business as Mr. Gatti's and/or Mr. Gatti's, L.P. ("Mr. Gatti's"). The trial court dismissed the suit against Regas. Approximately ten years after the initial suit was filed, the trial court dismissed the suit against Mr. Gatti's without prejudice, finding that Ms. Keith failed to comply with an order. One year later, Ms. Keith filed a new suit against Regas and Mr. Gatti's. The trial court dismissed both suits. Ms. Keith appeals. We affirm the trial court relative to the dismissal of the suit against Regas but reverse the trial court relative to the dismissal of the suit against Mr. Gatti's. The case is remanded.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Chanda Keith, Knoxville, Tennessee, Pro Se.

Gary M. Prince and Nathaniel C. Strand, Knoxville, Tennessee, for the appellee, LDB Corporation operating in Tennessee as Mr. Gatti's Incorporated f/d/b/a Mr. Gatti's and/or Mr. Gatti's, L.P.

Jennifer T. McGinn and Benjamin W. Jones, Knoxville, Tennessee, for the appellee, Regas Real Estate Company.

**OPINION**

## I. BACKGROUND

On June 29, 1998, Ms. Keith was on Mr. Gatti's premises when she fell in the parking lot managed by Regas. According to Ms. Keith, as a result of her fall, she "received serious and painful injuries, incurred medical expenses, [and] sustained significant pain[,] suffering[,] emotional distress, [] permanent injury, [and] injury to her capacity to earn." Additionally, her mother, Joanne Keith, was "deprived of her valuable services and [] sustained a loss of income."[1] Ms. Keith filed suit against Mr. Gatti's on June 29, 1999. More than one year later, she filed an amended complaint against Mr. Gatti's and Regas.

In 2002, the court dismissed the case relative to Regas, finding that the suit was untimely and that Regas "did not receive sufficient notice" of the lawsuit. In 2007, the court entered an order acknowledging that Ms. Keith's attorney was attempting to withdraw from the case against Mr. Gatti's. The court directed Ms. Keith to provide "written notice" indicating that she hired a new attorney. The court cautioned that failure to comply with the order within 60 days would result in dismissal of her case without prejudice. In 2009, the court dismissed the case without prejudice, finding that she failed to comply with the 2007 order.

In 2010, Ms. Keith filed a new complaint against Regas and Mr. Gatti's, and they filed motions to dismiss. Regas claimed that the 2002 order dismissing the case operated as an adjudication on the merits pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. Mr. Gatti's argued that the claim was barred by the statute of limitations and the doctrine of laches. Mr. Gatti's said that the "negligence and unreasonable delay in bringing th[e] lawsuit and prosecuting the first lawsuit [] caused prejudice." The court entered an order dismissing the case against Mr. Gatti's, finding that the case was barred by the statute of limitations and the doctrine of laches. Two months later, the court entered a second order, finding that the motions to dismiss filed by Mr. Gatti's and Regas were well-taken. The court dismissed the case against both Mr. Gatti's and Regas, noting that the first order should operate as a dismissal of the case against both defendants. This appeal followed.[2]

---

[1] Joanne Keith was initially joined as a plaintiff but has since been removed from the case.

[2] We acknowledge that the notice of appeal was prematurely filed because it was filed before the second order, which, unlike the first order, resolved all claims in the lawsuit against both defendants. However, "[a] prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. 4(d).

## II. ISSUES

Mr. Gatti's raised a threshold issue for our consideration that we consolidate and restate as follows:

A. Whether the case should be dismissed because Ms. Keith failed to serve Mr. Gatti's with a copy of the notice of appeal.

We consolidate and restate Ms. Keith's sole issue on appeal as follows:

B. Whether the trial court erred in dismissing her case against Regas and Mr. Gatti's.

## III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof[;] therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). In determining whether the trial court erred in granting the motion to dismiss, this court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id.* The complaint "should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would warrant relief." *Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A.

Mr. Gatti's asserts that this court should dismiss the case because Ms. Keith failed to provide it with a copy of the notice of appeal. Ms. Keith does not respond to this argument.

Rule 5(a) of the Tennessee Rules of Appellate Procedure provides, in pertinent part,

Not later than 7 days after filing the notice of appeal, the appellant in a civil action shall serve a copy of the notice of appeal on counsel of record for each party or, if a party is not represented by counsel, on the party. Proof of service

in the manner provided in Rule 20(e) shall be filed with the clerk of the trial court within 7 days after service. The appellant shall note on each copy served the date on which the notice of appeal was filed. Service shall be sufficient notwithstanding the death of a party or counsel.

Rule 5(a) is not jurisdictional and may be suspended, provided good cause for suspension of the rule is present. Tenn. R. App. P. 2; *G.F. Plunk Const. Co., Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215, 217 (Tenn. 1982). This court may suspend the rule "in a particular case on motion of a party or on [our] own motion and may order proceedings in accordance with [our] discretion." Tenn. R. App. P. 2.

Here, Ms. Keith was pro se and had attempted to follow the rules for appealing the trial court decision by filing a notice of appeal with the trial court clerk. Within two weeks of the filing of the notice of appeal, the appellate court clerk notified Mr. Gatti's that the appeal had been docketed, thereby indirectly providing Mr. Gatti's with notice that Ms. Keith had filed a notice of appeal.[3] *See* Tenn. R. App. P. 5(c). Mr. Gatti's does not submit that it was prejudiced by Ms. Keith's failure to serve it with a copy of the notice of appeal. We believe that given Ms. Keith's status as a pro se litigant and the fact that Mr. Gatti's received notice of the appeal and was not prejudiced by Ms. Keith's failure to comply with the rule, suspension of the rule is appropriate in this case.

In so holding, we recognize that pro se litigants "'must follow the same procedural and substantive law as the represented party.'" *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996) (quoting *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988)). However, we will not discount Ms. Keith's status as a pro se litigant in determining whether good cause is present for suspension of the rule implicated in this case. We also recognize that the Tennessee Supreme Court has held that the absence of prejudice was not a valid reason for suspending a somewhat similar rule. *Lambert v. Home Federal Sav. & Loan Ass'n.*, 481 S.W.2d 770, 771-72 (Tenn. 1972). In *Lambert*, the Court noted that the rule at issue, the filing of the assignments of error, brief, and argument within the time frame provided by the rules, was for the benefit of the Court, not the litigants. *Id.* at 772. The Court stated that the rule was "directed at one of the most important objectives of this Court: the prompt dispatch of judicial business." *Id.* That same objective is not at issue here. The portion of the rule not complied with, serving the notice of appeal on opposing counsel, was intended for the benefit of the litigants, not the trial court. Ms. Keith's failure to serve Mr. Gatti's with a copy of the notice of the appeal did not disrupt the filing of the appeal with this court or the time limitations applicable to the furtherance of the expeditious nature of

---

[3]Likewise, the appellate court clerk also notified Regas that the appeal had been docketed after the notice of appeal and the second order were filed.

-4-

appeals in this court. Once the notice of appeal was filed with the trial court, the trial court clerk was tasked with notifying the appellate court clerk, who docketed the appeal in this court and notified the parties that the appeal had been docketed. With all of the above considerations in mind, we decline to dismiss this case because of Ms. Keith's failure to serve opposing counsel with a copy of the notice of appeal.

B.

1. Regas

Ms. Keith argues that trial court should not have dismissed her case because she re-filed the case within one year of the court's dismissal of the case without prejudice. Regas responds that the initial case filed against it was never filed within the applicable statute of limitations or the time in which Ms. Keith could amend her pleadings. Regas argues that Ms. Keith cannot use the saving statute to re-file the claim when it was never properly filed in the first place. In the alternative, Regas alleges that dismissal was appropriate because the case against it was originally dismissed with prejudice by order in 2002 and that the dismissal became final 30 days after the 2009 order disposing of the entirety of the case, precluding an appeal or the re-filing of the case pursuant to the saving statute.

The suit against Mr. Gatti's was originally filed on June 29, 1999, and the amended complaint adding Regas as a defendant was filed in November 2000.[4] Citing Rule 15.03 of the Tennessee Rules of Civil Procedure, the trial court dismissed the case on May 6, 2002, without specifying whether the dismissal was with prejudice.

We believe the order of dismissal was not an appealable final judgment because the claim against Mr. Gatti's still remained and was not resolved until 2009. Tenn. R. App. P. 3(a). "A judgment that does not resolve all the claims between all the parties may nevertheless be considered a final judgment if the trial court certifies it as final in accordance" with Rule 54.02 of the Tennessee Rules of Civil Procedure. *Shofner v. Shofner*, 181 S.W.3d 703, 713 (Tenn. Ct. App. 2004). Absent this certification, "any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or the parties." Tenn. R. Civ. P. 54.02. The trial court in this case did not certify the judgment as final. Therefore, the 2002 order of dismissal was "not enforceable or appealable" and was "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). The

---

[4]We are unable to read the file stamp, but the amended complaint reflects that it was submitted on November 21, 2000.

final judgment entered in 2009 did not purport to amend the 2002 dismissal. Thus, once all of the issues were disposed of by the 2009 order, Ms. Keith was finally able to appeal the 2002 dismissal. *See Fletcher v. White*, No. E2009-01199-COA-R3-CV, 2010 WL 3715624, at *3 (Tenn. Ct. App. Sep. 22, 2010) (holding that it was not until all claims were disposed of that the plaintiffs could appeal an earlier grant of summary judgment), *perm. app. denied* (Tenn. Feb. 17, 2011).

However, Ms. Keith never appealed from the 2009 judgment. A notice of appeal "must be filed with and received by the trial court within 30 days after the entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The [30-day] time limit for filing a notice of appeal is *mandatory* and *jurisdictional* in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) (emphasis added). We believe that Ms. Keith's failure to appeal from the 2009 judgment precluded review of the trial court's 2002 dismissal of the case against Regas *and* any further action on the claim against Regas. Accordingly, we conclude that the trial court did not err in dismissing the 2010 complaint relative to Regas because it was filed after a judgment of dismissal had been entered and subsequently became final as to that claim.

### 2. Mr. Gatti's

Ms. Keith argues that trial court erred in dismissing her case because she re-filed the action within the applicable time limit given by the trial court. Mr. Gatti's responds that dismissal was appropriate because the case was re-filed beyond the time allotted in the saving statute. Mr. Gatti's asserts that the 2007 order effectively dismissed the case 60 days from its entry because Ms. Keith failed to comply with the court's directions. Mr. Gatti's contends that the trial court also dismissed the case based upon the doctrine of laches and that because Ms. Keith did not raise any argument regarding the trial court's dismissal on that ground, she waived review of the issue, thereby leaving this court with the only option of upholding the decision of the trial court.

Relative to Mr. Gatti's waiver argument, we acknowledge that Ms. Keith's brief is short and lacking in legal argument. However, the issues before us do not require a lengthy legal analysis. Both issues implicate the time for filing the complaint and proceeding with litigation, issues briefly discussed by Ms. Keith when she stated that the case should not be dismissed because she complied with the time limits for re-filing the case. We believe her argument is applicable and sufficient to merit review of the trial court's dismissal of the case based upon the statute of limitations and the doctrine of laches.

Actions for personal injuries must be commenced within one year after the cause of action accrued. Tenn. Code Ann. § 28-3-104(a)(1). The injury occurred on June 29, 1998, and Ms. Keith filed her first complaint on June 29, 1999, within the one-year limitation

applicable to such actions. While many years of protracted litigation ensued, the action against Mr. Gatti's was not dismissed until July 16, 2009. While the 2007 order instructed Ms. Keith that her case would be dismissed in 60 days for failure to comply with the order, the case was not dismissed until 2009, when the trial court entered an order dismissing the case. Tenn. R. App. P. 3(a). By order of the court, the 2009 order of dismissal was entered without prejudice. The new complaint was filed within one year of the dismissal of the case without prejudice. Thus, the saving statute codified in Tennessee Code Annotated section 28-1-105 and entitled as "New Actions" is applicable. The saving statute provides, in pertinent part,

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). We conclude that the statute of limitations did not bar the filing of the new action because the second complaint was filed within one year of the dismissal of the case without prejudice.

We must now determine whether the doctrine of laches barred the filing of the second complaint. Mr. Gatti's asserts that they have endured over 12 years of litigation arising from an injury that occurred in 1998. They argue that if forced to proceed with the case, they will suffer prejudice and injury resulting from the loss of memory, evidence, and witnesses.

"'The defense of laches is based [up]on the doctrine of equitable estoppel, and is only applied where the party invoking it has been prejudiced by the delay.'" *Brown v. Ogle*, 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000) (quoting *Freeman v. Martin Robowash, Inc.*, 457 S.W.2d 606, 611 (Tenn. Ct. App. 1970)). Thus, the doctrine of laches "requires more than mere delay." *Dennis Joslin Co., LLC v. Johnson*, 138 S.W.3d 197, 200 (Tenn. Ct. App. 2003). "It requires an unreasonable delay that prejudices the party seeking to employ laches as a defense, and it depends on the facts and circumstances of each individual case." *Id.* (citing *Brister v. Estate of Brubaker*, 336 S.W.2d 326, 332 (Tenn. Ct. App. 1960)). "The courts are reluctant to sustain the defense of laches, and in a case where the delay in filing the suit can be reasonably explained or justified, such a defense will not be heard." *Freeman*, 457 S.W.2d at 611. "[A]pplication of the doctrine . . . lies within the discretion of the trial court." *Brown*, 46 S.W.3d at 727.

Mr. Gatti's alleged in its motion to dismiss that Ms. Keith's "negligence and unreasonabl[e] delay in bringing this lawsuit and prosecuting the first lawsuit has caused prejudice [] because there will be a loss of evidence, death of witnesses, and failure of memory resulting in the obstruction of facts and uncertain ascertainment of truth." However, Mr. Gatti's did not plead any specific facts in support of the general assertion of prejudice. In *Brown*, this court upheld the application of the doctrine of laches, citing the death of a witness, the loss of documents, and the loss of memory in support of the trial court's decision. Unlike the defendant in *Brown*, Mr. Gatti's has not provided any examples of actual prejudice that would occur if the suit were to proceed. Accordingly, we conclude that the trial court erred in applying the doctrine of laches. We reverse the decision of the trial court relative to the dismissal of the case against Mr. Gatti's and remand the case for proceedings consistent with this opinion.

## V. CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part, and the case is remanded for such further proceedings as may be necessary. Exercising our discretion, we tax the costs on appeal one half to Chanda Keith and one half to LDB Corporation operating in Tennessee as Mr. Gatti's Incorporated doing business as Mr. Gatti's.

_____
JOHN W. McCLARTY, JUDGE

-8-